[1] The petition was filed under the name "Mutrie." However, the record contains documents, signed by the petitioner, indicating that she spells her name "Pearlie Mutry."
Pearlie Mutrie pleaded guilty to unlawful "delivery" of a controlled substance in violation of § 13A-12-211, Ala. Code 1975. The trial court entered a judgment on the plea, and she was sentenced to two years' imprisonment. The trial court enhanced her sentence five years, under § 13A-12-250, Ala. Code 1975 — requiring enhancement for the sale of a controlled substance within three miles of a school — and another five years, under § 13A-12-270, Ala. Code 1975 — requiring enhancement for the sale of a controlled substance within three miles of a housing project. The Court of Criminal Appeals, without an opinion, affirmed the judgment and sentence on the authority of Burks v. State, 611 So.2d 487, 491
(Ala.Cr.App. 1992). 618 So.2d 150. This Court granted Mutrie's certiorari petition to examine the issue of whether §§13A-12-250 and -270 mandate enhancement of Mutrie's sentence on conviction for unlawful "delivery" of a controlled substance.
Section 13A-12-250 specifically provides:
 "In addition to any penalties heretofore or hereafter provided by law for any person convicted of an unlawful sale of a controlled substance, there is hereby imposed a penalty of five years incarceration in a state corrections facility with no provision for probation if the situs of such unlawful sale was on the campus or within a three-mile radius of the campus boundaries of any public or private school, college, university or other educational institution in this state."
(Emphasis added.) Section 13A-12-270 specifically provides:
 "In addition to any penalties heretofore or hereafter provided by law for any person convicted of an unlawful sale of a controlled substance, there is hereby imposed a penalty of five years incarceration in a state corrections facility with no provision for probation if the situs of such unlawful sale was within a three-mile radius of a public housing project owned by a housing authority."
(Emphasis added.)
As stated above, Mutrie pleaded guilty to unlawfuldelivery of a controlled substance, in violation of §13A-12-211, which prohibits the unlawful distribution of a controlled substance. Section § 13A-12-211 states: "A person commits the crime of unlawful distribution of controlled substances if, except as otherwise authorized, he sells, furnishes, gives away, manufactures, delivers or distributes a controlled substance enumerated in schedules I through V." (Emphasis added.) Thus, the issue to be resolved by this Court is whether a judgment based upon a plea of guilty to unlawful "delivery" may be enhanced under §§ 13A-12-250 and -270, *Page 349 
which provide for enhancement of sentences for convictions of an unlawful sale.
In construing §§ 13A-12-250 and -270, this Court is guided by prior caselaw stating this Court's authority to construe statutes:
 "It is well settled that, although there are occasions when a court must correct or ignore obvious inadvertences in order to give a law the effect which was plainly intended by the legislature, the judiciary cannot and should not, in a republican form of government, usurp the legislative function. Hamilton v. Smith, 264 Ala. 199, 86 So.2d 283 (1956). Where, as here, this Court is called upon to construe a statute, the fundamental rule is that the court has a duty to ascertain and effectuate legislative intent expressed in the statute, which may be gleaned from the language used, the reason and necessity for the act, and the purpose sought to be obtained. Shelton v. Wright, 439 So.2d 55 (Ala. 1983). Where a statutory pronouncement is distinct and unequivocal, there remains no room for judicial construction and the clearly expressed intent of the legislature must be given effect. Dumas Brothers Manufacturing Co. v. Southern Guaranty Ins. Co., 431 So.2d 534 (Ala. 1983)."
Ex parte Holladay, 466 So.2d 956, 960 (Ala. 1985) (emphasis added).
 "A basic rule of review in criminal cases is that criminal statutes are to be strictly construed in favor of those persons sought to be subjected to their operation, i.e., defendants. Schenher v. State, 38 Ala. App. 573, 90 So.2d 234, cert. denied, 265 Ala. 700, 90 So.2d 238 (1956).
 "Penal statutes are to reach no further in meaning than their words. Fuller v. State, 257 Ala. 502, 60 So.2d 202 (1952).
 "One who commits an act which does not come within the words of a criminal statute, according to the general and popular understanding of those words, when they are not used technically, is not to be punished thereunder, merely because the act may contravene the policy of the statute. Fuller v. State, supra, citing Young's Case, 58 Ala. 358
(1877).
 "No person is to be made subject to penal statutes by implication and all doubts concerning their interpretation are to predominate in favor of the accused. Fuller v. State, supra."
Clements v. State, 370 So.2d 723, 725 (Ala. 1979) (emphasis added), overruled on other grounds, Beck v. State,396 So.2d 645 (Ala. 1980). "Further, it is well established that criminal statutes should not be 'extended by construction.' Locklear v.State, 50 Ala. App. 679, 282 So.2d 116 (1973)." Ex parte Evers,434 So.2d 813, 817 (Ala. 1983).
The Court of Criminal Appeals affirmed the enhancement of Mutrie's sentence on the authority of Burks v. State,611 So.2d 487, 491 (Ala.Cr.App. 1992). The Court of Criminal Appeals, in an earlier case, Qualls v. State, 555 So.2d 1158
(Ala.Cr.App. 1989), had held that "the legislature, by enacting Alabama's 'schoolyard statute,' intended to create an around-the-clock drug-free atmosphere on or near school grounds. . . . Therefore, we believe that the legislature clearly intended to protect these areas . . . from the evils associated with drug activities at all times." Qualls, 555 So.2d at 1165, quoted in Burks, 611 So.2d at 491. In Burks, the Court of Criminal Appeals, in dicta,[2] stated that §§ 13A-12-250
and -270 applied to all convictions for "drug activity" within the drug-free zone and were not limited to sales of controlled substances. We disagree with this statement.
Applying the well-established principles of judicial construction of criminal statutes, we hold that the clear and unambiguous language of §§ 13A-12-250 and -270 prescribe enhancement only as to those sentences imposed on "person[s] convicted of an unlawful sale of a controlled substance." As stated above, this Court has stated that a defendant is not to be punished under a criminal statute, even though his act may contravene the policy of the statute, if his action "does not come within the words of [the] statute, according to the general and popular understanding *Page 350 
of those words"; and that "No person is to be made subject to penal statutes by implication." Clements, 370 So.2d at 725.
In Hill v. State, 348 So.2d 848, 855 (Ala.Cr.App.), cert.denied, 348 So.2d 857 (Ala. 1977), the Court of Criminal Appeals held that a defendant cannot be convicted of "selling" marijuana "if his conduct, according to the undisputed evidence, does not afford a reasonable inference that he participated with the seller in making the sale." The fact that the defendant acted as the buyer's agent is not a defense to an indictment under § 13A-12-211 charging the defendant with unlawfully selling, furnishing, giving away, manufacturing, delivering, or distributing a controlled substance. Although the defendant who acts as a procuring agent may not be liable for a "sale," such conduct clearly would support a finding that the defendant violated § 13A-12-211, prohibiting the distribution of a controlled substance, which includes delivering and furnishing. See Harrington v. State,515 So.2d 53, 54 (Ala.Cr.App. 1986) (holding that defendant, who had acted as buyer's agent, had unlawfully "furnished" a controlled substance). Because prior caselaw has established that a defendant who acts as the buyer's agent (also known as a "procuring agent") is not guilty of unlawfully "selling" a controlled substance, and because the clear language of §§13A-12-250 and -270 applies only to convictions for unlawful "sale," a conviction for unlawful distribution is enhanceable only if the defendant's activity constituted a sale, and not if the defendant acted as the agent of the buyer.
Therefore, we hold that §§ 13A-12-250 and -270, prescribing a five-year enhancement of sentences for persons convicted of an unlawful sale of a controlled substance within three miles of a school and within three miles of a housing project, do not apply to convictions for "distribution" of a controlled substance, in violation of § 13A-12-211, unless the defendant is found to have sold, or to have collaborated or associated with the seller to sell, a controlled substance. Therefore, we remand this case to the Court of Criminal Appeals for further proceedings in accordance with this opinion.
REMANDED*.
HORNSBY, C.J., and SHORES and KENNEDY, JJ., concur.
MADDOX, J., concurs specially.
ALMON, J., concurs in the result.
HOUSTON and STEAGALL, JJ., dissent.
[2] The Court of Criminal Appeals specifically found that Burks's activity was clearly a "sale." See Burks, 611 So.2d at 491.
* Note from the reporter of decisions: On March 14, 1995, the Supreme Court dismissed the petition for certiorari review after receiving the Court of Criminal Appeals' return to the remand.