The appellant, Donna Runge Foshee, was convicted in two cases of the unlawful distribution of a controlled substance, a violation of § 13A-12-211, Code of Alabama 1975. For each conviction, she was sentenced to two years in the penitentiary, plus an additional five years' imprisonment pursuant to §13A-12-250, because the sale occurred within three miles of a school. The sentences were to be served concurrently. Three issues are raised on appeal.
 I
The appellant contends that her conviction for the sale of cocaine was not supported by the evidence.
On December 22, 1989, officers Leslie Moore and Mark Whitaker, undercover narcotics agents with the Alabama Alcoholic Beverage Control Board, went to the Booby Trap Lounge in Sumiton, where the appellant worked as a topless dancer. The officers had purchased cocaine from the appellant on December 8, and they had told her that they wished to buy more. Officer Moore testified that when they arrived at the lounge on December 22, the appellant told him that she would "check on it." The appellant went into the dressing room area, but told him when she returned that she could not get cocaine because her boss no longer trusted her with it. However, the appellant told Officer Moore that a girl named Shanda would bring him the cocaine. A short time later the appellant returned to the table at which Moore and Whitaker were sitting and introduced Shanda. With the appellant present, Shanda and the officers completed a sale of one gram of cocaine.
 "Section 13A-12-211, Code of Alabama 1975, states that '[a] person commits the crime of unlawful distribution of controlled substances if . . . he sells, furnishes, gives away, manufactures, delivers or distributes a controlled substance.' '[I]n a prosecution for [complicity in] the sale of illegal drugs, the "state is required to produce evidence which affords a reasonable inference that the defendant participated in some way with the seller in making the sale, and such linkage may be shown by circumstantial evidence." ' Mathis v. State, 594 So.2d 690, 692 (Ala.Cr.App.) (quoting Snider v. State, 406 So.2d 1008, 1012 (Ala.Cr.App.), cert. denied, 406 So.2d 1015 (Ala. 1981)) (emphasis added by the court in Mathis), remanded on other grounds, 594 So.2d 692 (Ala. 1991).
 " 'Under this definition of "sale," the participation of the defendant in, or his or her criminal linkage with, the sale is the basis of criminal liability, and not the actual act of the defendant in physically *Page 1389 
transferring the controlled substance to the buyer.'
 "Martin v. Alabama, 730 F.2d 721, 724 (11th Cir. 1984). See also Greenwald v. State, 579 So.2d 38, 39 (Ala.Cr.App. 1991)."
Owes v. State, 638 So.2d 1383, 1386 (Ala.Cr.App. 1993).
Here, the appellant knew that the officers wanted to buy cocaine, and she procured someone to sell it to them. This evidence is sufficient to prove her "criminal linkage" with the sale and from which the jury could conclude that the appellant participated in the sale.
 II
The appellant also contends that there is a fatal variance between the crimes charged in the indictments and the verdicts returned by the jury.
A fatal variance between an indictment and a jury verdict occurs when the language in the indictment and the judgment charge different crimes and the variance between the two in some way harms the substantial rights of the appellant.Crowe v. State, 435 So.2d 1371 (Ala.Cr.App. 1983). The indictments charged the appellant with unlawfully distributing "a controlled substance." The verdicts found the appellant guilty of unlawfully distributing "drugs." These terms are frequently used synonymously, and the appellant offered no evidence that this use of different words harmed her substantial rights. See Jefferson v. State, 473 So.2d 1100
(Ala.Cr.App. 1984), aff'd, 473 So.2d 1110 (Ala. 1985), cert. denied, 479 U.S. 922, 107 S.Ct. 328, 93 L.Ed.2d 300 (Ala. 1986) (a fatal variance does not exist merely because the word "murder" was used in the jury verdict rather than the words "intentional killing" as used in the indictment). Moreover, during its oral charge, the court explicitly told the jury that "in each case the charge [against the appellant] is distribution of cocaine." This instruction, together with the evidence presented at trial, makes clear that the crimes charged in the indictments and the crimes specified in the verdicts are the same. The better practice is to track the wording of the indictment in the verdict forms.
 III
The appellant last contends that her conviction is void because the trial transcript does not affirmatively show that the jury was administered an oath pursuant to § 12-16-170.
Where the record is silent as to the administration of the oath to the jury, it is presumed that the jury was not sworn, and any resulting conviction is void. Abbott v. State,494 So.2d 789 (Ala.Cr.App. 1986). However, compliance with §12-16-170 may be shown by a minute entry or a judgment entry on the case action summary indicating that the jury was sworn.Murphy v. State, 403 So.2d 314 (Ala.Cr.App.), writ denied,403 So.2d 316 (Ala. 1981); Abbott; McGruder v. State, 560 So.2d 1137
(Ala.Cr.App. 1989). Here, a minute entry on the case action summary indicates that the jury was "struck and sworn." This is sufficient to comply with § 12-16-170.
For the foregoing reasons, the judgment of the circuit court is due to be affirmed.
AFFIRMED.
All the Judges concur.
 *Page 80