This appeal arises out of the conviction of the unlawful distribution of a controlled substance, cocaine, a violation of § 13A-12-211, Code of Alabama 1975. The appellant, Benny Lee Williams, was sentenced to two years' imprisonment. The trial court suspended his sentence, but enhanced his sentence by 10 years, pursuant to § 13A-12-250 Code of Alabama 1975, which imposes five additional years' incarceration for selling controlled substances within a three-mile radius of a school, and § 13A-12-270, Code of Alabama 1975, which imposes five additional years' incarceration for selling controlled substances within a three-mile radius of a public housing project. The trial court did, however, not impose a fine on the appellant as required under § 13A-12-281 Code of Alabama 1975.
 I.
The appellant first argues that the trial court erred by admitting into evidence a photocopy of the $20 bill the State's undercover officer gave to the appellant's codefendant, Eric Fernando Silmon, in exchange for crack cocaine. The appellant argues that the admission of a copy of the $20 bill, in place of the original bill, violated the best evidence rule, and requires the reversal of his conviction.
The appellant's conviction was the result of his participation in the sale of crack cocaine to an undercover police officer. The record indicates that police officers involved in the appellant's arrest marked the $20 bill used in this buy, that they recovered the marked bill after the arrest of the appellant and his codefendant, and that they recorded the serial number of this bill in the incident reports relating to the offense. Because the undercover operation involved in this case was subject to a tight budget and the agency could not afford to tie up the actual currency in its buys through lengthy trial and appeals processes, the police officers customarily used copies of the currency used in their buys as evidence at trial. The prosecutor in this case requested that the trial court accept a copy of the $20 bill as evidence in place of the original $20 bill, and the court granted the State's motion over the appellant's objection.
In Stout v. State, 547 So.2d 894, 899 (Ala.Cr.App. 1988), affd, 547 So.2d 901 (Ala. 1989), this Court held that "[t]he content of this writing [of a check] was not an issue here. Only when the contents of a writing are in issue does the best evidence rule come into play. C. Gamble, McElroy's AlabamaEvidence, § 226.01(1) (3d ed. 1977)." *Page 823 
The best evidence rule applies only to documentary evidence; it does not apply to physical objects.
 "The best evidence rule has no application to physical objects, but rather is pertinent only to documentary evidence."
Montgomery v. State, 446 So.2d 697, 702 (Ala.Cr.App. 1983), cert. denied, 469 U.S. 916, 105 S.Ct. 291, 83 L.Ed.2d 227
(1984) (wherein the evidence tags attached to guns were properly admitted despite the appellant's claim that the guns would have been the best evidence).
 II.
The appellant argues that the evidence at his trial established that he did not sell a controlled substance to the State's undercover agent, but rather acted as an agent of the buyer. The appellant argues that the trial court therefore improperly enhanced his sentence by applying § 13A-12-250 Codeof Alabama 1975, which imposes five additional years' incarceration for selling a controlled substance within a three-mile radius of a school, and § 13A-12-270, Code ofAlabama 1975, which imposes five additional years' incarceration for selling a controlled substance within a three-mile radius of a public housing project. The State contends that the appellant was convicted of aiding and abetting in the sale of a controlled substance, and that the trial court properly enhanced his sentence by application of these two Code sections.
The following facts were adduced at the appellant's trial, and are relevant to this issue:
Officer Rodney DeWayne Snider was working as an undercover narcotics operator in the Pike Road area of Jefferson County; the police had received numerous civilian complaints concerning dealings in narcotics in this area. Snider explained that he was "wired" with a transmitter when the incident with the appellant occurred, and that when the officers engaged in these arranged buys, when the officer who was wired would use the phrase "good dope," members of the arrest team, who were monitoring the broadcast, would rush in and make arrests.
As Officer Snider was driving his undercover vehicle slowly down Pike Road, the appellant flagged him down from the side of the street. When Snider stopped his vehicle, the appellant asked him what he was looking for, and Snider replied that he wanted to get a "20-cent piece," i.e., a $20.00 rock of crack cocaine. The appellant then stated that he did not have any crack, but that he "could take [Snider] to somebody that was holding — that did sell narcotics." At that point, the appellant got into Snider's vehicle and directed Snider to where a tall black male, later identified as the codefendant, was standing by the side of the street. The appellant, who remained in Snider's automobile, had a brief conversation with the codefendant in which he told him what Snider was trying to purchase. The codefendant then got into the backseat of Snider's car and produced two rocks of crack cocaine. Snider, at the codefendant's direction, picked out one of the rocks and then gave the codefendant a marked $20 bill. Snider mentioned that the crack appeared to be "good dope," and the arrest team arrived within about a minute, and took the appellant and codefendant into custody.
Sergeant Frederick Washington, a member of the arrest team, testified that he found the marked $20 bill in the codefendant's hand as he was being arrested. Sergeant Washington also testified that it appeared to him from the conversation he was monitoring that "[the appellant] was not the person that was selling the dope." However, taken in context of his entire testimony, this comment refers only to the fact that the appellant did not personally hand over the crack or take the money.
The codefendant testified that he barely knew the appellant. He stated that, on the evening of the offense, he grabbed the appellant and took him outside of his apartment building to prevent a fight. He testified that, as they neared the street, the appellant saw a red Pontiac Sunbird automobile parked on the side of the road, and that the appellant got in the car. He testified that he also entered the Sunbird, but only because he wanted to keep an eye on the appellant. He *Page 824 
testified that he never saw either drugs or money while he was inside the Sunbird.
The appellant did not testify and did not present any evidence in his behalf.
In Ex parte Mutrie, 658 So.2d 347 (Ala. 1993), the defendant pleaded guilty to unlawful "delivery" of a controlled substance, and was sentenced to two years' imprisonment; her sentence was enhanced 10 years pursuant to §§ 13A-12-250 and 13A-2-270, Code of Alabama 1975. In determining whether these enhancement provisions applied to a defendant's sentence where the defendant had made an unlawful "delivery" of a controlled substance, but did not actually sell the drug, the Alabama Supreme Court held, in pertinent part, as follows:
 "In Hill v. State, 348 So.2d 848, 855
(Ala.Cr.App.), cert. denied, 348 So.2d 857 (Ala. 1977), the Court of Criminal Appeals held that a defendant cannot be convicted of 'selling' marijuana 'if his conduct, according to the undisputed evidence, does not afford a reasonable inference that he participated with the seller in making the sale.' The fact that the defendant acted as the buyer's agent is not a defense to an indictment under § 13A-12-211 charging the defendant with unlawfully selling, furnishing, giving away, manufacturing, delivering, or distributing a controlled substance. Although the defendant who acts as a procuring agent may not be liable for a 'sale,' such conduct clearly would support a finding that the defendant violated § 13A-12-211, prohibiting the distribution of a controlled substance, which includes delivering and furnishing. See Harrington v. State, 515 So.2d 53, 54 (Ala.Cr.App. 1986) (holding that defendant, who had acted as buyer's agent, had unlawfully 'furnished' a controlled substance). Because prior case-law has established that a defendant who acts as the buyer's agent (also known as a 'procuring agent') is not guilty of unlawfully 'selling' a controlled substance, and because the clear language of §§ 13A-12-250 and -270 applies only to convictions for unlawful 'sale,' a conviction for unlawful distribution is enhanceable only if the defendant's activity constituted a sale, and not if the defendant acted as the agent of the buyer.
 "Therefore, we hold that §§ 13A-12-250 and -270, prescribing a five-year enhancement of sentences for persons convicted of an unlawful sale of a controlled substance within three miles of a school and within three miles of a housing project, do not apply to convictions for 'distribution' of a controlled substance, in violation of § 13A-12-211, unless the defendant is found to have sold, or to have collaborated or associated with the seller to sell, a controlled substance."
Ex parte Mutrie, 658 So.2d at 350 (emphasis supplied). InPierson v. State, 677 So.2d 242, 243 (Ala.Cr.App. 1994), reversed on other grounds, 677 So.2d 246 (Ala. 1995), this Court noted that "[t]he exception carved out in Mutrie applies only to someone who acts as an agent for the buyer. An agent for the seller does not come under the Mutrie exception."
An individual acts as a "seller's agent" when he or she and the seller "acted in concert with a community of purpose in arranging and consummating the illegal sale," or the individual "participated in some way with the seller in making the sale."Snider v. State, 406 So.2d 1008, 1012 (Ala.Cr.App.), cert. denied, 406 So.2d 1015 (Ala. 1981). The sentence enhancement provisions of § 13A-12-250 Code of Alabama 1975, and §13A-12-270, Code of Alabama 1975, are applicable where the appellant "collaborated or associated with the seller to sell, a controlled substance." Ex parte Mutrie,658 So.2d at 350.
In the present case, the appellant flagged Snider down as he was driving down Pike Road, asked Snider what drugs he was trying to buy, then led Snider directly to the codefendant, who consummated the sale. Clearly, the appellant acted in concert and with a community of purpose with the codefendant in arranging and consummating the illegal sale, participated in some way in making the sale, and/or collaborated to sell crack cocaine to Officer Snider. The trial court properly enhanced the appellant's sentence under § 13A-12-250 Code of Alabama
1975, and § 13A-12-270, Code of Alabama 1975. *Page 825 Ex parte Mutrie, supra; Pierson v. State, supra; Snider v.State, supra.
 III.
The State argues that the trial court failed to impose an additional penalty on the appellant, pursuant to §§ 13A-12-280
through -284, Code of Alabama 1975, the Demand Reduction Assessment Act. The State argues that the application of this statute is mandatory under the facts of this case, and that this cause should be remanded to the trial court in order that that court might impose the appropriate fine on the appellant.
Section 13A-12-281, Code of Alabama 1975, provides as follows:
 "(a) In addition to any disposition and fine authorized by Sections 13A-12-202, 13A-12-203, 13A-12-204, 13A-12-211, 13A-12-212, 13A-12-213, 13A-12-215, or 13A-12-231, or any other statute indicating the dispositions that can be ordered for such a conviction or an adjudication of delinquency, every person convicted of, or adjudicated delinquent for, a violation of any offense defined in the sections set forth above, shall be assessed for each such offense an additional penalty fixed at $1,000 for first offenders and $2,000 for second and subsequent offenders.
 "(b) All penalties provided for in this division shall be in addition to and not in lieu of any fine authorized by law or required to be imposed pursuant to the provisions of the controlled substance statutes set forth in subsection (a) of this section, and nothing in this division shall be deemed to affect or suspend any other criminal sanctions imposed pursuant to these controlled substance statutes."
Accordingly, this cause must be remanded to the trial court in order for the proper penalty to be assessed pursuant to § 13A-12-281(a), Code of Alabama 1975. See Pierson v. State, supra; due return should be filed with this Court within 45 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All judges concur.