712 So.2d 754 (1997)
R.K.D., alias
v.
STATE.
CR-96-0488.
Court of Criminal Appeals of Alabama.
September 26, 1997.
Rehearing Denied November 14, 1997.
*755 Jessica Kirk, Alexander City, for appellant.
Bill Pryor, atty. gen., and Gail Ingram Hampton, asst. atty. gen., for appellee.
BASCHAB, Judge.
The appellant, R. K. D., was convicted of knowingly possessing "obscene matter containing a visual reproduction of a person under the age of 17 years engaged in any act of sado-masochistic abuse, sexual intercourse, sexual excitement, masturbation ... or other such conduct," a violation of § 13A- 12-192(b), Code of Alabama 1975. The appellant was sentenced, pursuant to the Habitual Felony Offender Act, to a term of 15 years imprisonment[1].

*756 I.

The appellant argues that the State failed to prove the elements of § 13A-12-192(b), Code of Alabama 1975, i.e., that he was in possession of obscene matter containing visual reproductions of persons under the age of 17 years engaged in certain proscribed obscene acts. The State first argues that this issue was not preserved for appellate review because the appellant failed to make a specific argument in his motion for judgment of acquittal that none of the exhibits offered into evidence by the State was a visual reproduction of a "live act." See, § 13A-12-190(12), Code of Alabama 1975. This court notes that neither § 13A-12-192(b), Code of Alabama 1975, nor § 13A-12-190(12), Code of Alabama 1975, defines the term "visual reproduction." The State further argues that, even if this issue is preserved for appellate review, the trial court properly denied the appellant's motion for a judgment of acquittal.
During the argument concerning the appellant's motion for judgment of acquittal, the following occurred:
"MR. RADNEY [DEFENSE COUNSEL]: The defendant makes a motion for a Judgment of Acquittal ... The State's only witness said that there was no visual reproduction of a child under the age of seventeen in any of the exhibits. The statute says: Any person know (sic) to be possessing any obscene matter containing a visual reproduction. Everything after that involves a person doing so-and-so. The statute says, and the indictment follows it word for word, comma for comma, semicolon for semi-colon. Any person who knowingly possesses any obscene matter containing a visual reproduction. I stop right there. Because everything else follows that. Lieutenant Dindinger said there was not one exhibit of everyone included, the Court can remember it, the court reporter can read it back, no visual reproduction of anybody. We have got pictures of Arnold Palmer. We have got picturesmost of those are published magazines that are mailed through the mail. Some of them showassuming they all show a child under seventeenassuming that. Cases hold you don't have to bring somebody in to prove how old that person is and so forth. But, none of them show that child engaged in any act that they follow the statute with, and I don't pretend that the Court doesn't know what all those words mean, but I'll give you Webster's definition of sadomasochism
"....
"THE COURT: You don't quarrel with the idea that a visual reproduction could include drawings, do you?
"[DEFENSE COUNSEL]: It says visual reproduction. I do take issue with that as being a drawing.

"THE COURT: The Court disagrees.
"[DEFENSE COUNSEL]: I do take issue with that. Although there is no drawing showing an act of sexual intercourse. There is a drawing of a person, of a genital organ. I say that's not a visual reproduction.

"THE COURT: Well, I think the term visual reproduction includes drawings, cartoons, anything that produces something that is recognizable as such. It doesn'tI don't think it is limited to pure and simple photographs.
"[DEFENSE COUNSEL]: ... If the Court is saying, I, as a citizen of the State of Alabama, cannot take me a pencil and a piece of paper and draw a lewd picture and put it in the trunk of my car and that's what commits a felony in this case, then defense counsel and the State are in violent disagreement."

(R. 56-61) (emphasis supplied).
In Rose v. State, 598 So.2d 1040, 1043 (Ala.Cr.App.1992), this court restated the well-settled rule of law that "[o]bjections must be stated with `sufficient particularity' to apprise the trial court of `basis for the objection' so as to permit the trial court to make an informed decision `on the particular legal issue involved.'" See also, Goodwin v. State, 641 So.2d 1289, 1291 (Ala.Cr.App. 1994); Robinson v. State, 574 So.2d 910, 917-18 (Ala.Crim.App.1990). It is also true that *757 "[t]he statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial." Ex parte Frith, 526 So.2d 880, 882 (Ala.1987). See also, Goodwin v. State, supra. The purpose of these rules is to afford the trial court an opportunity to correct an alleged error or defect. Ex parte Knight, 453 So.2d 754, 756 (Ala.1984). Likewise, where a defendant states specific grounds in a motion for a judgment of acquittal, the defendant is bound by those grounds and cannot raise new or different grounds on appeal. Washington v. State, 555 So.2d 347, 348 (Ala.Cr.App.1989).
During the argument on the appellant's motion, which includes nearly six pages of the record, appellate counsel quoted § 13A-12-192(b), Code of Alabama 1975, the statute under which the appellant was charged, practically verbatim. Counsel specifically stated at the beginning of his argument that "there was no visual reproduction of a child under the age of seventeen in any of the exhibits."[2] Although counsel did not specifically utter the words "live act," the phrase "live act" is included within the definition of "matter," as defined by § 13A-12-190(12), Code of Alabama 1975, a word to which counsel did refer. Furthermore, counsel repeatedly argued that the State failed to prove that any of the numerous exhibits contained "visual reproductions"; that phrase precedes "live act" in § 13A-12-190(12), Code of Alabama 1975.
It is clear from the record that the grounds stated in the appellant's motion for a judgment of acquittal were more than adequate to apprise the trial court of the basis of his argument and to allow the court to make an informed decision on the legal issues raised in his motion. Ex parte Knight, supra; Washington v. State, supra. That is all that Alabama law requires. To hold, under these facts, that the appellant's argument is not preserved for appellate review would reveal "a preoccupation with form instead of substance allowing the scales of justice to rust and collect dust." Estes v. State, 358 So.2d 1050, 1056 (Ala.Cr.App.1978).

II.
Having decided that this issue is preserved for our review, this court must now determine whether the trial court committed reversible error by denying the appellant's motion for a judgment of acquittal.
The appellant was charged with possession of obscene matter, a violation of § 13A-12-192(b), Code of Alabama 1975, which provides as follows:
"§ 13A-12-192. Possession of obscene matter.
"(b) Any person who knowingly possesses any obscene matter containing a visual reproduction of a person under the age of 17 years engaged in any act of sado-masochistic abuse, sexual intercourse, sexual excitement, masturbation, genital nudity, or other sexual conduct shall be guilty of a Class C felony."
Id. The term "matter," as used by this section, is defined at § 13A-12-190(12), Code of Alabama 1975, as follows:
"(12) Any book, magazine, newspaper, or other printed material, or any picture, photograph, motion picture or electrical or electronic reproduction, or any other articles or materials that either are or contain a photographic or other visual reproduction of a live act, performance, or event."

Id. (Emphasis supplied).
"A basic rule of review in criminal cases is that criminal statutes are to be strictly construed in favor of those persons sought to be subjected to their operation, i.e., defendants. Schenher v. State, 38 Ala. App. 573, 90 So.2d 234, cert. denied, 265 Ala. 700, 90 So.2d 238 (1956).
"Penal statutes are to reach no further in meaning than their words. Fuller v. State, 257 Ala. 502, 60 So.2d 202 (1952).
"One who commits an act which does not come within the words of a criminal statute, according to the general and popular understanding of those words, when they are not used technically, is not to be punished thereunder, merely because the act may contravene the policy of the statute.
*758 Fuller v. State, supra, citing Young's Case, 58 Ala. 358 (1877).
"No person is to be made subject to penal statutes by implication and all doubts concerning their interpretation are to predominate in favor of the accused. Fuller v. State, supra."
Clements v. State, 370 So.2d 723, 725 (Ala. 1979), overruled on other grounds, Beck v. State, 396 So.2d 645 (Ala.1980) (cited with approval in Ex parte Mutrie, 658 So.2d 347, 349 (Ala.1993)). "`Further, it is well established that criminal statutes should not be "extended by construction." Locklear v. State, 50 Ala.App. 679, 282 So.2d 116 (1973).' Ex parte Evers, 434 So.2d 813, 817 (Ala. 1983)." Ex parte Mutrie, 658 So.2d at 349. Finally, § 13A-1-6, Code of Alabama 1975, provides, in pertinent part, that: "All provisions of [the Criminal Code] shall be construed according to the fair import of their terms to promote justice and to effect the objects of the law...."
In Sheffield v. State, 708 So.2d 899 (Ala.Cr. App.1997), this court addressed the implications of § 13A-1-6, Code of Alabama 1975, as that section pertains to the construction of criminal statutes:
"The focus in § 13A-1-6 on the `fair import of [a penal statute's] terms' is the legislature's manifestation of its `preference for the meaning of the statute over legislative intent as a criterion of interpretation.' 2A N. Singer, Sutherland Statutory Construction § 45.07 (5th ed.1992). `The reference to a "meaning of the statute" which is juxtaposed with and therefore distinct from legislative "intention," expresses concern for giving effect to the way in which the statute is understood by others than the members of the legislature itself.' Id. `Inquiry begins not with conjecture about what [the legislature] would have liked to have said when it wrote the statute or with what [the legislature] would say today given the chance, but rather what [the legislature] indeed expressed in the statutory context. Id."

708 So.2d at 905 (emphasis supplied).
The record reflects that the following evidence was adduced at the appellant's trial. The appellant, who was seen repeatedly weaving over the center line of the road in his automobile, was stopped in Randolph County by Lieutenant Gregory Dindinger of the Wadley Police Department and Corey Keel, a reserve deputy who was riding with Dindinger. The officers asked to see the appellant's driver's license, which the appellant was apparently unable to produce and, after the appellant failed one or more field sobriety tests, Dindinger arrested him for driving under the influence. At that point, the appellant asked the officer to retrieve his cigarettes from his car. As he did so, Dindinger noticed a can of beer on the floor of the appellant's automobile. Randolph County is a "dry" county, and the sale or possession of alcoholic beverages in that county is illegal. After seeing the can of beer, Dindinger began to inspect the rest of the automobile's interior for alcoholic beverages, and saw an ice chest in the back seat. The ice chest contained beer.
After finding the beer inside the appellant's automobile, the two officers began to search the trunk for more alcoholic beverages. As Dindinger opened the trunk, he noticed a hand-drawn picture showing a naked adult male with a large erect penis and a young girl sitting on the man's lap holding the penis. The officers then found a suitcase, which contained various items, some of which depicted people performing sexual acts, and charged the appellant with the possession of obscene matter.
This court has carefully reviewed each of the items seized from the appellant's automobile, all of which were offered into evidence at the appellant's trial, and can find no evidence that would establish that the appellant violated § 13A-12-192(b), Code of Alabama 1975.
Most of the items found in the suitcase were pictures of fully clothed children cut from fashion magazines and advertisements for the sales of children's clothes and were in no way obscene. Four photographs that were admitted into evidence by the State appear to depict a girl in her very early teens wearing a swimsuit, but there is nothing obscene about these photographs.
*759 The few exhibits that might arguably satisfy the criteria of § 13A-12-192(b), Code of Alabama 1975, fail to meet the definition of "matter" under § 13A-12-190(12), Code of Alabama 1975, because they are not "a photograph or other reproduction of a live act, performance, or event." State's Exhibit One is a hand-drawn picture of a young, naked girl sitting on the abdomen of a naked adult male who is depicted with an exaggerated erection. The girl in the picture appears to be holding the penis of the man. State's Exhibit A-1 is another hand-drawing which shows a naked young girl straddling a naked adult man with an erect penis, while State's Exhibit A-2, another drawing, depicts a naked young girl urinating on a naked man who is filming the event. On the back side of Exhibit A-2 is a sketch of a young, naked girl. Exhibit 27 appears to be a montage of a nude and headless adult male whose image is affixed behind that of fully-clothed young girl apparently cut out of a catalogue or sale paper. Other montages in which figures of young girls were superimposed on photographs of nude male adults so as to depict a sexual act were also admitted into evidence.
Although these exhibits depict acts, some of which involve children, that this court finds to be repulsive, the record is devoid of any evidence that these acts occurred any place other than in the appellant's depraved imagination. As the Alabama Supreme Court held in Ex parte Felton, 526 So.2d 638, 641-42 (Ala.1988), the purpose of § 13A-12-192(b), Code of Alabama 1975, is the protection of the health and welfare, etc., of its citizens who are under the age of 17 years. There is simply no evidence in the present case that such a child has been harmed. Had the State presented evidence that either the drawings or the montages did represent acts, etc., to which the appellant was a party or that he witnessed, we might reach a different result in this case.
Finally, the State admitted into evidence a number of sex magazines similar to Hustler in which nude men and women portrayed sexual acts that bordered on obscene. However, the participants in those magazines were clearly over the age of 17, and these magazines were therefore not relevant toward establishing a violation of § 13A-12-192(b), Code of Alabama 1975.
Penal statutes are to be strictly construed in favor of the accused, and any doubt regarding the interpretation of such a statute must be resolved in favor of the accused. Ex parte Mutrie, 658 So.2d 347, 349 (Ala.1993); Clements v. State, 370 So.2d 723, 725 (Ala. 1979). This court cannot be influenced by what the legislature would like to have said when it wrote this appellant's motion for a judgment of acquittal. Accordingly, the appellant's conviction in this case is reversed and a judgment rendered in his favor.
REVERSED AND JUDGMENT RENDERED.
LONG, P.J., and COBB, J.,[*] concur.
McMILLAN and BROWN, JJ., dissent.
McMILLAN, Judge, dissenting.
Because I believe that defense counsel made the very specific objection that the State failed to establish the element of "visual reproduction" necessary to show a violation of § 13A-12-192, Code of Alabama 1975, I believe he waived the argument he now makes on appeal. A review of the record clearly indicates that, although the appellant recited the statute in his objection, his entire argument revolved around whether the exhibits constituted "visual reproductions." The mere mention by the appellant of the other elements of the offense was not sufficient to put the trial court on notice that his objection also pertained to them, especially in light of the extended argument as to the one specific element. Such an objection has traditionally been held to waive all other grounds not specified. As the majority states, the appellant never referred to the "live act" provision in his objection. Moreover, despite any initial argument that in hindsight may be construed to allude to a failure to prove "matter," the record indicates *760 that he completely failed to place the trial court on notice of this argument, to allow it an opportunity to rule on the issue. This "live act" term can be found only in the Code section defining "matter." However, the appellant did not object to the State's evidence as to that element at trial.
"Objections must be stated with `sufficient particularity' to apprise the trial court of `the basis for objection' so as to permit the trial court to make an informed decision `on the particular legal issue involved.'" Rose v. State, 598 So.2d 1040, 1043 (Ala.Cr.App. 1992).
"An objection, of course, should fairly and specifically point out the particular grounds on which an alleged error occurred in order to inform the trial judge of the legal basis of the objection, thereby affording the trial judge an opportunity to reevaluate his or her initial ruling in light of the grounds alleged and to change it, if deemed necessary."
Ex parte Webb, 586 So.2d 954, 957 (Ala.1991).
The essence of the distinction between the objection raised by the appellant at trial and his argument on appeal is one of form versus subject matter. Specifically, he objected at trial to the form of the evidence as failing to constitute the required "visual reproduction," i.e., a drawing, he said, is not a "visual reproduction", for example, as a photograph or videotape would be. On appeal, he argues that a "live act" is not depicted. This argument addresses the subject matter of the evidence, or what is being portrayed. These elements could be mutually exclusive: the State could prove that the drawing was made while observing a live act or performance in order to reproduce it, as is the case, for example, with courtroom artists. Moreover, clearly photographs can be taken of any subject, not exclusively live acts.
Although most statutes do not contain separate elements to address the form and subject matter of the evidence, I believe that the Legislature's reason for drafting this statute as it did is based on the extreme importance of protecting an individual's First Amendment rights while advancing the "competing interest" of eliminating child pornography. See Ex parte Felton, 526 So.2d 638, 640 (Ala.1988) (holding that Alabama's possession of child pornography statute is constitutional.)
Because I believe that the appellant's argument he makes on appeal, that the exhibits do not portray "live acts," is not preserved, this Court should not address this claim. Rule 45B, A.R.App.P. Therefore, I do not believe that the merits can or should properly be reached, and I respectfully dissent from the majority's opinion.
BROWN, Judge, dissenting.
I must respectfully dissent from the majority opinion holding that the appellant's objection at trial was sufficient to preserve for appellate review the issue whether the materials he possessed violated the "live act" provision of § 13A-12-190(12), Code of Alabama 1975.
While the majority opinion justifies its bending of the Alabama Rules of Criminal Procedure by expressing a fear that "the scales of justice [will] rust and collect dust," I believe that judicial restraint requires strict adherence to the procedural rules by which this Court is bound.
Moreover, I disagree with the statement and belief expressed in the majority opinion that to abide by long-established principles of preservation demonstrates a preoccupation with form over substance. "The primary purpose of objections is not to `preserve error' for appellate review. Their primary purpose is to give the trial court an opportunity to correct that which might otherwise have been error." Berryhill v. State, [Ms. CR-94-2039, April 18, 1997] ___ So.2d ___ (Ala. Cr.App.1997), quoting Johnson v. State, 500 So.2d 69, 72 (Ala.Cr.App.1986). See also Ex parte Works, 640 So.2d 1056 (Ala.1994).
I would therefore refrain from reaching the merits of the appellant's argument and would wait until the issue is properly presented for review, which has been the long-standing precedent of this Court.
NOTES
[1] The appellant was also convicted, pursuant to guilty pleas entered at his sentencing hearing, of possession of marijuana in the second degree, a violation of § 13A-12-212, Code of Alabama, 1975, and possession of drug paraphernalia, a violation of 13A-12-260, Code of Alabama 1975, as the result of contraband found during the search of his vehicle. He was sentenced to twelve months' incarceration on the possession charge, and six months' incarceration on the drug paraphernalia charge. The appellant does not raise any issues concerning these convictions is his brief to this court.
[2] See, (R. 56).
[*] Although Judge Cobb was not present for oral argument, she has listened to an audiotape of that argument.