BASCHAB, Judge.
The appellant, Tony Andre Robinson, pled guilty to unlawful distribution of marijuana, a violation of § 13A-12-211, Ala. Code 1975. The trial court sentenced him to two years in prison, but suspended the sentence and placed him on probation for two years. The trial court also sentenced him to five years in prison, pursuant to § 13A-12-250, Ala.Code 1975, because the sale occurred within three miles of a school.
During the guilty plea proceeding, the appellant testified that he delivered marijuana to his codefendant, Mark Gough, on December 13, 1996. Although he pled guilty to the charge of unlawful distribution of marijuana, the appellant argued that his actions did not constitute a “sale” and that, therefore, his sentence could not be enhanced under the provisions of §§ 13A-12-250 and -270, Ala.Code 1975. The trial court held a sentencing hearing to determine whether the activity in which the appellant was involved was a “sale,” so that his sentence should be enhanced pursuant to §§ 13A-12-250 and -270, Ala. Code 1975. At the hearing, Officer Barry Bemis, the undercover agent who purchased the marijuana from the appellant and Gough, testified that, on December 13, 1996, he contacted Gough to arrange to purchase one pound of marijuana. He agreed to meet Gough in a parking lot and to pay $1,050 for the marijuana. (R. 10.) When Officer Bemis arrived at the parking lot, Gough told him that his supplier, whom he identified as “Tony,” was running late. (R. 11.) Shortly thereafter, Gough was paged and went to a pay telephone to return the call. (R. 14.) When Gough returned to Officer Bemis’s car, he told Bemis that Tony would be there in about 20 minutes. (R. 14.) While they were waiting for Tony, Officer Bemis showed Gough the money, but did not give it to him. When Tony arrived, Gough went to Tony’s car to get the marijuana and returned to Officer Bemis’s car with the marijuana. At that time, Officer Bemis arrested Gough and Tony (the appellant). At trial, Officer Bemis identified the appellant as the man Gough referred to as Tony. (R. 10-11.)
The appellant argues that Officer Bemis’s testimony was insufficient to show that he was engaged in a “sale.” According to the appellant, he merely delivered the marijuana to his codefendant, who then sold it to Bemis. He also claims that he never received any money for the marijuana. Therefore, he argues that the trial court improperly enhanced his sentence pursuant to § 13A-12-250, Ala.Code 1975. In Ex parte Mutrie, 658 So.2d 347 (Ala.1993), the Alabama Supreme Court held:
“[Sections] 13A-12-250 and -270, prescribing a five-year enhancement of sentences for persons convicted of an unlawful sale of a controlled substance within three miles of a school and within three miles of a housing project, do not apply to convictions for ‘distribution’ of a controlled substance, in violation of § 13A-12-211, unless the defendant is found to have sold, or to have collaborated or associated with the seller to sell, a controlled substance.”
658 So.2d at 350 (emphasis added). However, the Mutrie exception “applies only to someone who acts as an agent for the buyer. An agent for the seller does not come under the Mutrie exception.” Pierson v. State, 677 So.2d 242, 243 (Ala.Cr.App.1994), rev’d on other grounds, 677 So.2d 246 (Ala.1995). “An individual acts as a ‘seller’s agent’ when he or she and the seller ‘acted in concert with a community of purpose in arranging and consummating the illegal sale,’ or the individual ‘partid- *350 pated in some way with the seller in making the sale.’ ” Williams v. State, 706 So.2d 821, 824 (Ala.Cr.App.1997)(quoting Snider v. State, 406 So.2d 1008, 1012, (Ala.Cr.App.), cert. denied, 406 So.2d 1015 (Ala.1981)). “Moreover, the participation of a defendant in, or his or her criminal linkage with, a ‘sale’ is the basis of criminal liability, and not the actual act of the defendant in physically transferring the controlled substance to the buyer. Greenwald v. State, 579 So.2d 38, 39 (Ala.Cr.App.1991).” Allen v. State, 598 So.2d 1031, 1033 (Ala.Cr.App.1992). It is not necessary that the defendant personally accept payment for the controlled substance to support the enhancement of the appellant’s sentence pursuant to § 13A-12-250, Ala.Code 1975. Id.; see Buckelew v. State, 48 Ala.App. 411, 265 So.2d 195 (Ala.Cr.App.), cert. denied, 288 Ala. 735, 265 So.2d 202, cert. denied, 409 U.S. 1060, 93 S.Ct. 558, 34 L.Ed.2d 512 (1972). Further, neither the trial court nor the jury is required to make a finding that the defendant’s actions constituted a sale for § 13A-12-250 to apply, as long as the evidence supports such a finding. Stephens v. State 675 So.2d 73 (Ala.Cr.App.1995).
In this case, the State presented testimony that Gough referred to the appellant as his “supplier.” (R. 11.) It also showed that the appellant paged Gough on the day in question and told him that he would meet him and the undercover agent to complete the sale. The appellant drove to the parking lot where the sale was scheduled to occur, and he delivered the marijuana to Gough. Thereafter, Gough returned to Bemis’s car and delivered the marijuana to Bemis. Clearly, there was sufficient evidence to show that the appellant acted in concert with or collaborated with Gough in arranging to sell marijuana to Officer Bemis. See Mutrie, supra; Allen, supra; Greenwald, supra. Therefore, the trial court properly enhanced his sentence by five years pursuant to § 13A-12-250, Ala.Code 1975.
The appellant also argues that, because the State did not sufficiently prove that the sale occurred within three miles of a school, the trial court improperly enhanced his sentence by five years. Specifically, he claims that Officer Bemis did not measure the distance from the site of the sale to the nearest school. For the appellant’s sentence to be enhanced pursuant to § 13A-12-250, Ala. Code 1975,
“[t]he state need prove only that the sale occurred within three miles of a school campus ‘ “by a preponderance of the evidence.” ’ Lane [v. State], supra, 644 So.2d [1318] at 1322 [(Ala.Cr.App.1994)] (quoting Powell v. State, 600 So.2d 1085, 1087 (Ala.Cr.App.1992)). The state introduced an official county map and the supporting testimony of the official mapper for the county tax assessor’s office that the drug sale occurred within three miles of [an elementary school]. The appellant offered no contradictory evidence. See Pettway v. State, 624 So.2d 696 (Ala.Cr.App.), cert. denied, 624 So.2d 700 (Ala.1993) (the state met its burden of proof under § 13A-12-270, Ala.Code 1975, by introducing a map and supporting testimony that the drug sale occurred within three miles of public housing project). Cf. Ex parte Johnson, 597 So.2d 1305 (Ala.1991) (state did not meet its burden of proof under predecessor to § 13A-12-250 because only evidence produced to show distance of school campus from drug sale was unverified map of city that did not indicate scale and state produced no witnesses to support authenticity or accuracy of map). The state met its burden of proof here, and the appellant’s sentence was properly enhanced pursuant to § 13A-12-250.”'
Bates v. State, 669 So.2d 232, 236 (Ala.Cr.App.1995). Furthermore, testimony from an officer who is familiar with the location of the sale to the effect that the sale occurred within three miles of a school is sufficient to establish that fact. See Anderson v. State, 641 So.2d 1299 (Ala.Cr.App.1994); Grider v. State, 600 So.2d 401 *351 (Ala.Cr.App.), cert. denied, 600 So.2d 404 (Ala.1992).
Although Officer Bemis testified that he did not use his vehicle to measure the distance, he stated that he had measured the distance on a scaled county map which was admitted at the sentencing hearing. (R. 20.) Based on his eight years of experience, his familiarity with the area, and the county map, Officer Bemis testified that the sale occurred within one mile of Edgewood Elementary School. (R. 19-22.) His testimony was sufficient to establish that the sale occurred within three miles of the school. Bates, supra; Anderson, supra; Grider, supra. Moreover, at the sentencing hearing, the appellant’s counsel conceded that the sale occurred within three miles of a school. (R. 25.) Because the appellant agreed at the sentencing hearing that the sale occurred within three miles of a school, he cannot now argue that it did not. Fountain v. State, 586 So.2d 277, 282 (Ala.Cr.App.1991), opinion extended after remand, 598 So.2d 1026 (Ala.Cr.App.1992) (holding that a defendant cannot assume inconsistent positions at trial and on appeal); see also Cunny v. State, 629 So.2d 693 (Ala.Cr.App.1993). Based on Officer Bemis’s testimony and the appellant’s admission, there was sufficient evidence to support the enhancement of the appellant’s sentence pursuant to § 13A-12-250, Ala.Code 1975.
Upon further review of the record, we find that the trial court did not impose the fine mandated by § 13A-12-281, Ala.Code 1975, which specifically requires that the trial court impose a fine of $1,000 for first-time drug offenders and $2,000 for second-time and subsequent drug offenders. In accordance with Pierson v. State, 677 So.2d 246 (Ala.1995), we must remand this case so the trial court may impose the appropriate fine in accordance with § 13A-12-281. On remand, the trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 28 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings conducted by the trial court.
AFFIRMED AS TO CONVICTION; REMANDED WITH INSTRUCTIONS FOR IMPOSITION OF FINE.
LONG, P.J., and McMILLAN, COBB, and FRY, JJ., concur.