Jimmie Martez Lee petitioned this Court for a writ of certiorari to review the judgment of the Court of Criminal Appeals affirming the trial court's order denying Lee's motion for a mistrial; the basis for Lee's motion was his allegation that the trial court neither administered the final oath to the petit jury nor reminded the jurors that they were still under the oath given the venire, as required by Rule 18.5, Ala. R.Crim. P.[1] We issued the writ, and we now affirm the judgment of the Court of Criminal Appeals. *Page 505 
 I. Factual Background and Procedural History
Jimmie Martez Lee was indicted and tried for capital murder. On the final day of Lee's trial, defense counsel made an objection, outside the presence of the jury, alleging that the trial court had failed to administer an oath to the petit jury. Defense counsel stated:
 "Your Honor, yesterday I had some question about whether the oath had been administered to the jurors. And I asked [the court reporter] to go back and look. This morning he informed [me] that the venire panel received no, prior to sitting as the petit panel, that the jury actually sitting in trial of this case, did not receive an oath from this court.
 . . . .
 "So the defense at this time takes objection to the failure to administer the oath to the petit jury prior to beginning of the trial and jeopardy attaching."
The trial court did not rule on Lee's objection, but while still outside the presence of the jury, the trial court read aloud a January 13, 2005, order from this Court amending, effective June 1, 2005, Rule 18.4(b), Ala. R.Crim. P., [2]
which prescribes the oath a court should administer to prospective jurors.
Later that day, after both parties made their closing arguments but before the trial court charged the jury, defense counsel stated:
 "Judge, we need to make a clarification. Earlier we made an objection for failure to swear in the petit jury. I made it in the form of a motion. I don't know if I actually put on the record the motion was a motion for a mistrial. I know then that you read the administrative instructions, but I don't know that you ever actually denied it. So just for clarification purposes I renew my motion for a mistrial for failure to swear the petit jury and ask the Court to rule."
The trial court responded: "I think you're probably right. I think you're right in that I failed to rule on it, I simply read the motion. I think you're absolutely, unequivocally, unquestionably wrong about me swearing the jury in. So I will deny your motion." The trial court then charged the jury, which found Lee guilty of the lesser offense of felony murder.
Lee appealed his conviction to the Court of Criminal Appeals. Lee contended that *Page 506 
the trial court erred to reversal by neither administering the final oath to the petit jury nor reminding the jurors that they were still under the oath given the venire, as required by Rule 18.5, Ala. R.Crim. P. The Court of Criminal Appeals affirmed the judgment of the trial court, by unpublished memorandum. Lee v. State (No. CR-05-2404, June 22, 2007), ___ So.2d ___ (Ala.Crim.App. 2007) (table). The Court of Criminal Appeals held that although the record is silent as to whether the trial court complied with Rule 18.5, Ala. R.Crim. P., reversal was not required because any error on the part of the trial court in not complying with Rule 18.5 was harmless. Specifically, in an unpublished memorandum, the court stated:
 "The record indicates, and the parties agree, that the trial court administered the proper oath to the jury venire, in accordance with Rule 18.4(b), Ala. R.Crim. P. The parties also agree, and our examination confirms, that the record does not reflect that the trial court administered the required oath to the petit jury."
(Emphasis added.)
Lee then petitioned this Court for certiorari review of the decision of the Court of Criminal Appeals. Lee contends that the decision of the Court of Criminal Appeals conflicts with prior decisions of this Court and of the Court of Criminal Appeals because, he said, a trial court's failure to administer an oath to the petit jury has never been held to be harmless error when the defendant objected during the trial to the defect in the administration of the oath. This Court granted the petition based on the alleged conflict.
 II. Analysis
In its brief to this Court, the State now asserts, contrary to its representation to the Court of Criminal Appeals, that the record sufficiently establishes that the trial court administered an oath to the petit jury. The State notes that the case-action summary states: "Defendant being in open court with counsel and the State of Ala. by its assistant district attorney. Jury duly selected and sworn. Defendant stands trial on his plea of not guilty. Trial of issues. Trial recessed until 2/28/06." (Emphasis added.) This entry on the case-action summary sufficiently establishes that the trial court administered an oath to the petit jury. See Tarver v.State, 500 So.2d 1232, 1242 (Ala.Crim.App. 1986), aff'd,500 So.2d 1256 (Ala. 1986) ("A minute entry is deemed to be a sufficient showing that the oath was administered.");Foshee v. State, 672 So.2d 1387, 1389
(Ala.Crim.App. 1995) ("Here, a minute entry on the case action summary indicates that the jury was `struck and sworn.' This is sufficient. . . .").
Because the case-action summary shows that the trial court administered an oath to the petit jury, we need not consider whether the holding of the Court of Criminals Appeals — that any error in failing to administer an oath to the petit jury was harmless — conflicts with prior caselaw. Although the Court of Criminal Appeals based its affirmance of the judgment of the trial court on other grounds, that court properly affirmed Lee's conviction because his contention that the trial court failed to administer an oath to the petit jury is refuted by the record.
 III. Conclusion
We affirm the judgment of the Court of Criminal Appeals.
AFFIRMED.
STUART, SMITH, BOLIN, and MURDOCK, JJ., concur.
COBB, C.J., recuses herself.
[1] Rule 18.5 provides:
 "(a) Oath. The court shall either remind the jurors that they are still under oath, or may give the jurors the following oath:
 "`You do solemnly swear, or affirm, that you will well and truly try all issues joined between the defendant(s) and the State of Alabama and render a true verdict thereon according to the law and evidence, so help you God.'
 "(b) Preliminary Instruction. Immediately after the jury is selected, the court may instruct the jury concerning its duties, its conduct, the order of proceedings, and such other matters as the court deems proper."
[2] Rule 18.4(b), as amended, provides:
 "(b) Oath of Prospective Jurors and Inquiry by the Court. Upon calling the case, the court shall administer the following oath:
 "`Do you and each of you solemnly swear (or affirm) that you will well and truly answer all questions propounded to you touching on your qualifications as a juror, and that you will well and truly try all issues submitted to you and true verdicts render according to the law and evidence, so help you God?'
 "Following the administration of the oath, the court shall initiate the examination of prospective jurors, i.e., those whose names appear on the `strike list' compiled pursuant to section (a), by identifying the parties and their counsel, briefly outlining the nature of the case, and explaining the purposes of the examination. The court shall ask any questions it thinks necessary touching the prospective jurors' qualifications to serve in the case on trial." *Page 507