Arthur Joseph BELL, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 09 83 161 CR.

Court of Appeals of Texas, Beaumont.

June 27, 1984.

Douglas Barlow, Beaumont, for appellant.

John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

OPINION

DIES, Chief Justice.

This is an appeal from a conviction for robbery. Appellant was indicted for the offense of aggravated robbery and robbery. The jury found him guilty of the robbery count, and assessed his punishment at confinement for twenty (20) years

and a $10,000 fine. Appellant does not challenge the sufficiency of the evidence. He did not testify and offered no evidence in his behalf.

Appellant's first and second grounds of error complain of the trial court's abuse of "its discretion in forcing appellant to attend part of the trial involuntarily" and that "fundamental error occurred when the trial Court forced appellant to appear before the jury in handcuffs."

The record before us shows that appellant was present in the courtroom when the trial began. After the State had put on its first three witnesses and following a short recess, the following sequence of events transpired, outside the presence of the jury:

"THE COURT: May I let the record reflect that during the recess Mr. Black advised me that the Defendant no longer desired to participate in the trial or be in attendance in the courtroom, indicated that he desired to relieve Mr. Black as his Counsel, and indicated that he didn't like the way the trial was going and wanted it stopped. I told Mr. Black that the only option that he had was to voluntarily absent himself from the courtroom if he chose that. He did not have to return. I instructed Mr. Black to speak with him regarding all of those matters.

Did you do so, Mr. Black? And would you please state for the record what he said and what his position is.

MR. BLACK: That is correct, Your Honor. You have correctly summarized what I have told you during the recess. He informed me that he does not desire to come back into the courtroom. He is not satisfied with the way the testimony has developed from the witnesses as presented by the State, that we can conduct the trial without him being present. And he also stated that he would like to stop the trial at this point in time and not continue.

THE COURT: All right. I have had, in response to Mr. Black's statement, the Defendant removed to a separate holding cell which has facilities in there so the

Defendant can hear everything that occurs in this courtroom. At any time he indicates he wants to return, Mr. Black, he is certainly welcome to be here in the courtroom. Until he requests to return, his request to be outside the courtroom will be honored.

Mr. Moore, is there anything further you want to state?

MR. MOORE: Yes, Your Honor. Just as a mechanics type operation. I have one more witness who will testify to the actual events there at the Southland 7–11. I will need that person to make an identification of the Defendant. May I have him at least brought into the courtroom by the bailiff when the appropriate time arises?

THE COURT: Yes, sir...."

The court then instructed the jury in the following manner:

"THE COURT: All right. Call in the jurors.

(Whereupon the jury enters the courtroom.)

THE COURT: Ladies and gentlemen, the Defendant has elected, as he has a right to do, not to be present in the courtroom; at least not now. And if he changes his mind, he has the option under the law to return to the courtroom. He is in a room where he can hear all of the testimony. But under the law he has the chance—excuse me. The opportunity to stay out of the courtroom. He's elected to do that."

The State then called its last witness who testified that he entered the store while the robber was still there, and that he saw the robber run out. The State then asked the bailiff to bring appellant into the courtroom. Following this request, the record shows:

"(Whereupon the following proceedings are had in the Court's chambers with the Court, Counsel for the State, Counsel for the Defendant and the Court Reporter present, to-wit:)

THE COURT: The bailiff has informed me—and if you would show we are in chambers.

The bailiff has informed me that the Defendant refuses to come out into the courtroom. And the bailiff has asked should he be brought out with the use of force.

MR. MOORE: Your Honor, in response from me, I need to have the Defendant out in the courtroom so that I can make a proper identification for my case in chief.

THE COURT: All right.

MR. BLACK: Your Honor, my response back to that is the Defendant has already been identified in Court in front of the jury by at least two Port Arthur Police Officers, as I recall, and, also, the clerk of the store as being the person in this case who committed the offense. Therefore, I feel as though that to force my client, the Defendant, to come back into the courtroom at this point would be highly prejudicial and is not necessary in proving the case.

THE COURT: The District Attorney has a right to have him in Court. The only question is how it is that he arrives in the courtroom.

He has two choices. He can come voluntarily or he can be handcuffed and physically brought into the courtroom. I want you to go tell him that those are the only two choices that he has and ask him which of those two options he wants to follow.

MR. BLACK: I will do so.

THE COURT: All right, sir. Go talk to him.

MR. BLACK: Your Honor, at this time I would like to make a Motion to Withdraw in this case due to the latest development. That is, being specifically that the Defendant has refused to come into the courtroom except by force. Therefore, in view of these latest circumstances, I feel as though I have a duty at least to file a Motion to Withdraw with the Court in this case. I'm asking the Court to relieve me of any and all representation of the Defendant, Arthur Bell, at this time.

THE COURT: If I were to grant that Motion, it would allow the Defendant to control the administration of justice and to manipulate the system. I don't know how I could possibly be more fair. He's got competent counsel and I would like the record to reflect that Mr. Black is one of the most outstanding lawyers in this County and has rendered exceptionally outstanding representation of the Defendant in this case. I understand why Mr. Black would make the request. It is respectfully denied.

Now, go tell him that this is only to come in the courtroom for a moment and that he can leave.

MR. BLACK: I will do that.

(Whereupon there was a pause in the proceedings, during which time Mr. Black confers with the Defendant, after which time the following proceedings are had still in chambers, to-wit:)

THE COURT: Show that I heard Mr. Black tell the Defendant everything that we discussed. The Defendant indicated he—there is no way he will come into the courtroom voluntarily. So I'm instructing the bailiff to use whatever force is necessary to bring the Defendant into the courtroom.

Okay. Back in the courtroom.

(Whereupon the following proceedings resumed in open Court, as follows, to-wit:)

THE COURT: Thank you, ladies and gentlemen. We'll be ready to proceed in just a moment.

(Whereupon there is a pause in the proceedings, during which time the Defendant enters the courtroom with the bailiff.)"

Following the above events, the State's witness identified appellant as the robber, and the record then shows:

"(Whereupon the Defendant exits the courtroom with the bailiff, after which time the bailiff re-enters the courtroom.)"

■ The only complaint made by appellant in his first ground of error is that he was forced to return to the courtroom after

he had voluntarily absented himself. By his own voluntary conduct, appellant waived his right to be in attendance during the trial. *See and compare Kimithi v. State,* 546 S.W.2d 323 (Tex.Crim.App.1977); *Gonzales v. State,* 515 S.W.2d 920 (Tex. Crim.App.1974). Such a waiver, however, does not give him an absolute right to be tried entirely in absentia. He does not have the right to choose or elect to hinder the State in legitimately making its case against him by having its witnesses identify him in the presence of the jury, and it was proper for the court to order and require him to return to the courtroom for this purpose. *See Kimithi v. State, supra; Moore v. State,* 424 S.W.2d 443 (Tex.Crim. App.1968). Moreover, we find no proper objection made to this procedure, and in the absence of such an objection, nothing is preserved for review. *Esquivel v. State,* 595 S.W.2d 516 (Tex.Crim.App.1980).

Appellant next complains of error in forcing him to appear before the jury in handcuffs. We find nothing in the record before us to indicate that appellant was brought into the courtroom while handcuffed. The only record as to his re-entry into the courtroom is shown by the court reporter's notes which state: "(Whereupon there is a pause in the proceedings, during which time the Defendant enters the courtroom with the bailiff.)" There is nothing to indicate he was handcuffed.

■ Appellant's assertions that he was returned to the courtroom while handcuffed is not supported by the record. When nothing in the record demonstrates facts asserted or otherwise supports a claim on appeal, nothing is presented for review. *Sheldon v. State,* 510 S.W.2d 936 (Tex.Crim.App.1974). We cannot accept as a fact allegations or assertions in an appellate brief which are not supported by the record. *Herrin v. State,* 525 S.W.2d 27 (Tex.Crim.App.1975); *Brown v. State,* 523 S.W.2d 238 (Tex.Crim.App.1975). This ground is overruled.

■ Appellant next complains of the court's refusal to give a requested charge on theft.

The complaining witness, a clerk in a convenience drive-in grocery, testified that appellant came into the store, demanded her money, and stated to her, "Lady, give me the money in your register." He then "insinuated" with his hand in his "pocket jacket" and said "... I have a gun, give me the money in your register." When he made these statements appellant was "about a foot, a half a foot away from me." She testified further that she was "in fear of imminent bodily injury and/or death" as a result of his actions, and that she believed he had a gun in his pocket at that time. The record reveals that a weapon was not found upon appellant when he was arrested.

The evidence given by the complainant was not contradicted by any witness. As hereinabove stated, appellant did not testify and offered no evidence in his behalf. There was absolutely no testimony or evidence from any source, in the record before us, that, if guilty at all, appellant was only guilty of the offense of theft. He was therefore not entitled to the requested charge on the lesser included offense of theft, and the court properly refused to submit the charge. This ground is overruled.

The judgment is affirmed.