The appellant was convicted after a jury trial of unlawful distribution of a controlled substance, in violation of §13A-12-211, Code of Alabama 1975, and was sentenced to 15 years' imprisonment, including 5 years' imprisonment pursuant to § 13A-12-250. He raises four issues on appeal.
 I
The appellant argues that the trial court erred by ordering him to appear in court for identification purposes during the state's case-in-chief, even though he had waived his right to be present at trial, pursuant to A.R.Cr.P. 9.1(b). He contends that because he was challenging the state's identification evidence, he was prejudiced by the court's ruling. Rule 9.1 gives the appellant "the right to be present at arraignment and at every stage of trial" and allows the appellant to waive the right under certain circumstances. However, "[t]he court need not accept accused's waiver [of his right to be present] where his presence is necessary for identification purposes." 23A C.J.S. § 1166 (footnote omitted). See State v. Mumford,136 Ariz. 465, 666 P.2d 1074 (Ariz.App. 1982); State v. Salton,238 Kan. 835, 715 P.2d 412 (1986); Bell v. State,675 S.W.2d 779 (Tex.Cr.App. 1984). Thus, the appellant's argument is without merit.
 II
The appellant also argues that the state's evidence was insufficient because, he argues, the appellant was not properly identified. In his initial report, Detective Jimmy Martin, of the Selma Police Department, described the appellant as being 5'4" in height, as weighing 135 pounds, and as being 37 years old. At trial, he described the appellant as being 5'5" in height or taller; as being "small"; and as having a scar or burn on his neck, a fact not mentioned in his initial report. Martin positively identified the appellant in court.
The appellant contends that because he is 5'8 1/2" in height, weighs 162 pounds, and has burn scars over most of his body, Martin's identification was erroneous. Martin, however, also testified that he knew the appellant prior to the unlawful sale and had seen him on the street four or five times prior to trial. Martin also had the opportunity to observe the appellant as he approached him and during the illegal sale.
Questions of identity are for the jury to resolve, see Holtonv. State, 590 So.2d 914 (Ala.Cr.App. 1990), aff'd,590 So.2d 918 (Ala. 1991); therefore, the trial court did not err by denying the appellant's motion for judgment of acquittal based on the identification.
 III
The appellant argues that the state failed to prove a proper chain of custody of the cocaine. At trial, the state's evidence tended to show that Martin placed the substance in a sealed envelope and gave the envelope to Detective Roger Goodman. Goodman placed the envelope containing the substance in the evidence vault at the Selma Police Department until he gave it to Detective Tommy Weber, who transported the envelope from Selma to Montgomery, where Weber gave the envelope to Allen Adair of the Department of Forensic Sciences, who determined that the substance therein was cocaine. Weber retrieved the evidence from Adair and then returned the evidence to Goodman, who placed it in the vault until trial. Goodman brought the evidence to trial. *Page 1087 
The appellant contends that because Detective Dan Chandler, who was in charge of the drug vault and who had access to it, did not testify, the chain of custody was incomplete. He further bases his argument on the fact that contents of the drug vault were inventoried, at various times, by Goodman, Chandler, Weber, and an agent from the Alabama Bureau of Investigation because of an ongoing investigation into drug evidence missing from the Selma Police Department.
 "In order to establish a proper chain, the State must show to a 'reasonable probability that the object is in the same condition as, and not substantially different from, its condition at the commencement of the chain.' McCray v. State, 548 So.2d 573, 576 (Ala.Crim.App. 1988). Because the proponent of the item of demonstrative evidence has the burden of showing this reasonable probability, we require that the proof be shown on the record with regard to the various elements discussed below.
 "The chain of custody is composed of 'links.' A 'link' is anyone who handled the item. The State must identify each link from the time the item was seized. In order to show a proper chain of custody, the record must show each link and also the following with regard to each link's possession of the item: '(1) [the] receipt of the item; (2) [the] ultimate disposition of the item, i.e. transfer, destruction, or retention; and (3) [the] safeguarding and handling of the item between receipt and disposition.' Imwinklereid, The Identification of Original, Real Evidence, 61 Mil.L.Rev. 145, 159 (1973)."
Ex parte Holton, 590 So.2d 918, 920 (Ala. 1991).
Each link in the chain — Martin, Goodman, Weber, and Adair — testified at trial. Each testified as to the identification, receipt, and disposition of the evidence. Detective Chandler may have inventoried the vault, but he was not a "link" in the chain, and his testimony was unnecessary.
The record also reflects that the envelope containing the substance remained sealed other than when Adair tested the substance. "A sealed envelope [is] adequate circumstantial evidence to establish the handling and safeguarding of" evidence. Id. at 920. The facts that the evidence vault was inventoried and that the evidence was present each time it was to be retrieved undermine the appellant's argument, in the absence of any evidence whatsoever of tampering or alteration. The testimony presented was sufficient to show to a "reasonable probability" that the substance was substantially in the same condition at trial as it was at the beginning of the chain.
 IV
The appellant argues that the trial court erred by sentencing him pursuant to Alabama's "schoolyard statute," § 13A-12-250, Code of Alabama 1975, because, he alleges, whether the unlawful sale occurred within three miles of a school is a factual question and should have been determined by the jury. This argument, however, is procedurally barred because the appellant failed to raise this matter in the trial court. See Maul v.State, 531 So.2d 35 (Ala.Cr.App. 1987).
The appellant also argues that the state's evidence that the sale occurred within three miles of a school was insufficient. The state need only prove that fact by a preponderance of the evidence. See Ex parte Johnson, 597 So.2d 1305 (Ala. 1991); A.R.Cr.P. 26.6(b)(2). Detective Goodman testified that the sale occurred within five blocks of an elementary school and a middle school, and within one mile of Selma University. The state proved by a preponderance of the evidence that the unlawful sale occurred within three miles of a school.
Based on the foregoing, the judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur. *Page 1088