BOWEN, Presiding Judge.
Hardy Paige was convicted for the unlawful distribution of cocaine and was sentenced to seven years' imprisonment. On this appeal from that conviction he contends that the trial court erred by allowing into evidence audio tape recordings of the alleged drug sale. The appellant objected to the admission of the tape recordings “on the grounds that these tapes, that they were operated by individuals in one location of conversations taken from people at another location of whom there was no visibility. There is no real verification, and they would constitute hearsay.” R. 100. We find this argument without merit.
Two civilians working with the police purchased crack cocaine from the appellant. One of the civilians wore a concealed tape recorder and a concealed microphone. The police did not physically see the drug sale but listened in and tape-recorded the conversation on a second tape recorder from their remote location. At trial, both civilians testified as to what occurred during the drug sale. An officer testified that he had listened to the tape recording and that it “correctly and accurately reflect[ed] the conversation that took place on October 9th, 1990.” R. 100. At trial the tape recording from the recording machine on the person of the civilian and the tape recording made on the tape recorder operated by the police were both introduced into evidence.
Here, the authenticity of the tape recordings was sufficiently established. Sound recordings are admissible “ ‘when a witness testifies they are a reliable representations of the subject sound.’ ” Jackson v. State, 594 So.2d 1289, 1296 (Ala.Cr.App.1991). See also Ross v. State, 555 So.2d 1179, 1182 (Ala.Cr.App.1989).
*373 “Although the witness authenticating the recording may be a party to the conversation or someone who overheard it, the witness authenticating a tape-recorded conversation as to identification is not required to be someone who either participated in or personally overheard the subject matter of the recording.
“In determining whether there is a sufficient showing of accuracy to warrant the admissibility of tape recordings, the governing standard is whether the possibility of misidentification and adulteration is eliminated, not absolutely, but as a matter of reasonable probability, and the trial judge has broad discretion in determining whether the foundation requirements for admissibility are satisfied. Furthermore, if there is independent evidence of the accuracy of the recordings to be admitted at trial, the trial court may admit them even if the offering party has at that time not carried its particularized burden of going forward.”
23 C.J.S. Criminal Law § 1046(b) at 325 (1989) (footnotes omitted).
The tape recordings were properly admitted into evidence.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.