On Return to Remand

PATTERSON, Judge.
Having determined on original submission that the trial court had erroneously failed to sentence the appellant, Heywood Nye, in accordance with the Habitual Felony Offender Act, Code of Alabama 1975, § 13A-5-9, and that the trial court had erred in ordering the sentence enhancements imposed pursuant to §§ 13A-12-250 and -270 to be served concurrently, we remanded this cause on September 30, 1993, with instructions to the trial court to resentence the appellant in aecor- *1388 dance with the appropriate statutes and with our instructions.
The trial court has complied with our instructions and has filed a return. The return discloses that the trial court resen-tenced the appellant to life imprisonment as a habitual offender with five prior felony convictions for each conviction of distribution of cocaine. (CC-91-532 and -533.) The.return also shows that the trial court enhanced the appellant’s sentence under §§ 13A-12-250 and -270 to an additional 10 years’ imprisonment on each controlled substance conviction. Thus, the appellant was sentenced to life imprisonment plus 10 years on each of the controlled substance convictions. The sentence of one year for violating § 20-2-143 remains as originally imposed because the enhancement statutes cited above are not applicable to that conviction.
Having reviewed all other issues raised by the appellant on appeal and finding no merit in them and having reviewed the sentences imposed on remand and finding them authorized by law, we conclude that the convictions and sentences in this case are due to be affirmed.
AFFIRMED.
All Judges concur.