The appellant, Andrew Bates, was convicted of the unlawful sale of a controlled substance and was sentenced to 15 years in prison, 5 years of which was the additional penalty provided for by § 13A-12-250, Ala. Code 1975, because the sale of the controlled substance occurred within three miles of a school campus. He raises several issues on appeal.
 I.
The appellant contends that the trial court erred by allowing into evidence an audiotape recording of the alleged drug sale. The appellant's counsel objected to the admission of the tape recording on the ground that the state had failed to prove a proper predicate.
The state's evidence established the following. On the night of March 4, 1993, an undercover police investigator purchased a $30 bag of marijuana from the appellant at *Page 234 
an establishment known as, among other names, "Doug's Club" or "Doug Bates's Club." The police investigator wore a concealed transmitter during the drug sale, and two other police officers listened and tape-recorded the transaction from a remote location. At trial, one of the police officers who had monitored and recorded the transaction, Officer Anthony Pace, testified that he recorded the transaction, that he had since listened to the recording, and that the recording "fairly and accurately portray[ed]" the conversation he heard while monitoring the transaction. (R. 145.) The tape recording was offered by the prosecution and was admitted into evidence over the appellant's objection.
The predicate for the admission of the tape recording was sufficiently established by Officer Pace's testimony.
 "[W]hen a qualified and competent witness can testify that the sound recording . . . accurately and reliably represents what the witness sensed at the time in question, then the foundation required is that for the 'pictorial communication' theory. Under this theory, the party offering the item must present sufficient evidence to meet the 'reliable representation' standard, that is, the witness must testify that the witness has sufficient personal knowledge of the scene or events pictured or the sounds recorded and that the item offered accurately and reliably represents the actual scene or sounds."
Ex parte Fuller, 620 So.2d 675, 678 (Ala. 1993).
 " 'In determining whether there is a sufficient showing of accuracy to warrant the admissibility of tape recordings, the governing standard is whether the possibility of misidentification and adulteration is eliminated, not absolutely, but as a matter of reasonable probability, and the trial judge has broad discretion in determining whether the foundation requirements for admissibility are satisfied.' "
Paige v. State, 621 So.2d 372, 373 (Ala.Cr.App. 1993) (quoting 23 C.J.S. Criminal Law § 1046(b) at 325 (1989)).
There was no abuse of discretion here, and the tape recording was properly admitted into evidence.
 II.
The appellant contends that his right to a fair trial was denied as a result of certain allegedly prejudicial statements and questions by the prosecution and the trial court during the proceedings.
 A.
The appellant argues that the prosecution deliberately attempted to prejudice prospective jurors when, during voir dire of the venire, the prosecutor prefaced a question to jurors by stating, "The owner of the club, the former owner of the club where this incident took place is a gentleman by the name of Doug Bates." (R. 18.) The appellant's counsel objected to the prosecutor's comment, stating outside the hearing of the venire that the owner was actually named "Douglas Fuqua." Apparently, the appellant's counsel was concerned that the comment would cause veniremembers to be prejudiced against the appellant if they thought he had the same last name as, and therefore might be related to, the owner of the club. In response to the objection by the appellant's counsel, the prosecutor stated that Douglas Fuqua had previously been known for a number of years as Doug Bates. The trial court then ruled that the prosecutor could continue to ask the prospective jurors about their knowledge of both Doug Bates and Douglas Fuqua.
The prosecutor's reference to Doug Bates occurred during voir dire when he was attempting to establish whether prospective jurors knew anything about the case or were related to or acquainted with any of the parties who might in some way be involved in the case. The appellant's counsel did not dispute the prosecutor's claim that Douglas Fuqua had at one time gone by the name of Doug Bates. Moreover, during cross-examination of the appellant, it was established that the individual now known as Douglas Fuqua was, in fact, the appellant's brother. Earlier in the voir dire, before the complained-of statement by the prosecutor, the *Page 235 
prosecutor referred to the location of the drug sale as "Doug's Club" or "Doug Bates's Club" without objection by the appellant. (R. 16.) Throughout the trial, there was testimony that was not objected to referring to the place of the drug sale as "Doug Bates's Club." In fact, at one point during voir dire of the jury venire, the appellant's own counsel referred to "Doug Bates." (R. 48.)
It is simply not apparent from the record how the appellant was prejudiced by the reference to Doug Bates of which he now complains. The prosecutor's questioning of prospective jurors concerning their knowledge of Doug Bates touched upon matters concerning jurors' possible interests or bias in the case. The nature and extent of voir dire is a matter within the trial court's discretion. Qualls v. State, 555 So.2d 1158
(Ala.Cr.App. 1989). A trial court has broad discretion in overseeing voir dire of the jury venire, and the trial court's decision in exercising its discretion will be upheld absent an abuse of discretion. Lane v. State, 644 So.2d 1318 (Ala.Cr.App. 1994). We do not find that the trial court abused its discretion by allowing the prosecutor to ask jurors if they knew of or were acquainted with Doug Bates.
 B.
The appellant argues that the trial court made improper prejudicial remarks during voir dire when it instructed members of the venire that they were to disregard certain comments made by the appellant's counsel. After a prospective juror asked the appellant's counsel what Mr. Fuqua's residence "has to do with Mr. Bates," the appellant's counsel responded as follows: "That's a good question. If you ask me, it doesn't have anything to do with it, but the district attorney apparently believes it does." (R. 46.) The prosecutor then objected to the characterization of his question by the appellant's counsel and asked the trial court to give curative instructions. (R. 46.) The objection was sustained, and the trial court instructed the venire "to disregard the question and answer" by the appellant's counsel and further instructed them that statements by the attorneys "[are] not evidence in the case" and that the only evidence that jurors should consider "comes from the witness stand." (R. 46.) The appellant's counsel then moved for a mistrial on the grounds that "the Court has improperly told the jury that I made improper remarks to them, which is in violation of this defendant's rights to a fair trial, . . . [a]nd further the Court has instructed the jury venire not to pay any attention to what I ask them." (R. 47.) The motion for a mistrial was denied by the trial court.
The trial court acted within in its discretion in instructing the venire to disregard the editorializing of the appellant's counsel. Furthermore, there was nothing improper in the trial court's instruction that statements by the attorneys are not evidence. See, e.g., Armstrong v. State, 516 So.2d 806
(Ala.Cr.App. 1986). Finally, it is obvious from the record that the trial court's remarks were in no way instructions to prospective jurors to ignore further questions by the appellant's counsel. The appellant's substantial rights were not affected, and the motion for a mistrial was properly denied.
 C.
The appellant argues that he was unduly prejudiced when, during cross-examination, the prosecutor asked him a question concerning his knowledge of the licensing of the establishment where the alleged drug sale occurred. The appellant's counsel objected to the question on the grounds that it was irrelevant, that it called for testimony involving crimes committed by somebody else, and that it was intended only "to prejudice the jury against the defendant." (R. 159.) However, we fail to see how the prosecutor's question was improper or prejudicial. No reference to other crimes was made by the prosecutor, and the appellant answered the question by stating that he did not know the status of the establishment's license.
 D.
The appellant argues that he was improperly prejudiced when the prosecutor questioned him on cross-examination concerning his method of keeping records of his income. The appellant's counsel objected to the question on the grounds that it was irrelevant *Page 236 
and prejudicial and that the prosecutor was "trying to show income taxes and trying to show crimes which [the appellant] is not charged with in this indictment." (R. 167.) The prosecutor argued that in posing the question, he was not asking the appellant whether he paid taxes, but instead was attempting to ascertain how the appellant kept track of the brick masonry jobs he claimed to be employed in around the time of the alleged drug sale. The appellant testified that he did not recall being at the location of the drug sale on the night in question and had stated that he was probably at home that night, after working on a masonry job during the day. The prosecutor's question about the appellant's income records was relevant to the appellant's testimony concerning his activities around the time of the drug sale. Further, the record supports the prosecutor's claim that the question was not posed in an effort to suggest collateral crimes by the appellant. SeeWright v. State, 641 So.2d 1274 (Ala.Cr.App. 1993) (scope of cross-examination within discretion of trial court absent an abuse of discretion). The appellant's objection to the question was properly overruled by the trial court.
 E.
The appellant argues that the cumulative effect of the above actions by the prosecution and the trial court warrant a reversal of his conviction. "Where no single instance of alleged prosecutorial misconduct constitutes reversible error, the cumulative effect of these instances cannot be considered to be any greater." Mims v. State, 591 So.2d 120, 127
(Ala.Cr.App. 1991). See, also, Hunt v. State, 642 So.2d 999
(Ala.Cr.App. 1993), aff'd, 642 So.2d 1060 (Ala. 1994); Allen v.State, 611 So.2d 1152 (Ala.Cr.App. 1992). No single statement or question referred to by the appellant constituted reversible error; therefore, the cumulative effect of these instances of alleged prosecutorial and judicial misconduct cannot be reversible error.
 III.
The appellant contends that the state did not prove that the drug sale occurred within three miles of a school campus, as required for application of § 13A-12-250, Ala. Code 1975. The state need prove only that the sale occurred within three miles of a school campus " 'by a preponderance of the evidence.' "Lane, supra, 644 So.2d at 1322 (quoting Powell v. State,600 So.2d 1085, 1087 (Ala.Cr.App. 1992)). The state introduced an official county map and the supporting testimony of the official mapper for the county tax assessor's office that the drug sale occurred within three miles of the Hatton Elementary School. The appellant offered no contradictory evidence. SeePettway v. State, 624 So.2d 696 (Ala.Cr.App.), cert. denied,624 So.2d 700 (Ala. 1993) (the state met its burden of proof under § 13A-12-270, Ala. Code 1975, by introducing a map and supporting testimony that the drug sale occurred within three miles of public housing project). Cf. Ex parte Johnson,597 So.2d 1305 (Ala. 1991) (state did not meet its burden of proof under predecessor to § 13A-12-250 because only evidence produced to show distance of school campus from drug sale was unverified map of city that did not indicate scale and state produced no witnesses to support authenticity or accuracy of map). The state met its burden of proof here, and the appellant's sentence was properly enhanced pursuant to §13A-12-250.
The trial court's judgment is affirmed.
AFFIRMED.
All Judges concur.