The appellant, David Eugene Johnson, was charged with three counts of unlawful distribution of a controlled substance, violations of § 13A-12-211, Code of Alabama 1975. On January 29, 1997, the appellant represented himself during the trial proceedings after he had terminated the services of his court-appointed attorney the morning of the trial. The jury subsequently found the appellant guilty on all three counts. On March 28, 1997, upon application of enhancement provisions of §§ 13A-12-250 and -270, the appellant was sentenced to 15 years on each count, the sentences to run concurrently. In response to a "Motion to Reconsider" filed by the State and without notice or hearing, the trial judge resentenced the appellant on April 22, 1997, to 12 years on each count, the sentences to run consecutively. The appellant raises three arguments on appeal.
 I.
The appellant alleges that he was denied his right to be represented by counsel at trial. Although a defendant may waive this right, the record reveals that the appellant did not knowingly and intelligently make any waiver; thus his rights under the Sixth and Fourteenth Amendments to the United States Constitution; Article I, Section 6 of the Constitution of Alabama of 1901; and Rules 6.1 and 6.2, Ala.R.Crim.P., were violated.
Before the start of appellant's trial, the parties appeared before the trial judge, who verified that the appellant had fired his appointed *Page 747 
counsel that morning. The trial judge engaged in the following conversation with the appellant and his appointed counsel:
 "THE COURT: This CC-96-474 in the matter of David Eugene Johnson . . . It's my understanding that Mr. Johnson has fired his attorney; is that right?
"MR. MANSELL [appointed counsel]: Yes, sir.
 "THE COURT: All right. This is for trial. You're going to represent yourself.
 "MR. JOHNSON: I was going to try to get my parents to get me a paid lawyer.
 "THE COURT: No, sir. You can get one, but it's going to be right here in the next five minutes because we're trying the case right now.
 "MR. JOHNSON: My lawyer, he hadn't discussed my case over with me or nothing. Yesterday was my first time even to come up here.
 "THE COURT: All I know is I'm going to try the case. We're trying the case right now. You need to decide if you want to retain Mr. Mansell or go forward and try the case. I'll give you some time to think about it."
Although the appellant used the time given to him by the trial judge to consider a guilty plea and the trial judge later engaged in a full Boykin colloquy, the following exchange reveals the appellant's uncertainty about the situation:
"MR. MANSELL: How do you plead?
 "MR. JOHNSON: Well, I'm going to plead guilty, I reckon.
 "THE COURT: Well, either you are or you aren't, Mr. Johnson. If you're not we'll give you a trial.
 "MR. JOHNSON: Give me a trial. I'll just take a trial. I'm going to try it.
 "THE COURT: Okay. You're going to represent yourself then, fine. Call the jury in. Let's go."
Although Mr. Mansell was present during the jury selection, the record reveals that he was serving merely as advisory counsel at the time. By the time opening statements were given, there is no further indication in the record of any participation by Mr. Mansell. The appellant served as his own counsel throughout the entire trial. The record does not reflect that the trial judge, appointed counsel, or anyone else discussed with the appellant at any time the consequences of representing himself during the trial.
Further clouding the issue whether the appellant consciously waived his right to counsel is the uncertainty of when appointed counsel withdrew. The State has stated on appeal that appellant's appointed counsel represented him through the striking of the jury. The record tends to reflect that Mr. Mansell was operating more as "standby" counsel at this point. However, the record is devoid of any written motion to withdraw, which motion is required under Rule 6.2(c), Ala.R.Crim.P., when a case has been set for trial. Although no argument based solely on Rule 6.2(c), Ala.R.Crim.P., was preserved for appeal, the lack of such a motion is further evidence that appellant was not clear about the role of his appointed counsel going into trial.
In Gideon v. Wainwright, 372 U.S. 335 [83 S.Ct. 792,9 L.Ed.2d 799] (1963), the United States Supreme Court found that the right to the assistance of counsel was "fundamental and essential to a fair trial." The Court in Gideon held that, because the right to the assistance of counsel was fundamental, the Sixth Amendment as applied to the States through theFourteenth Amendment guaranteed that indigent defendants would be appointed counsel in state proceedings. The Gideon Court expressed the essential nature of assistance of counsel:
 "That government hires lawyers to prosecute and defendants who have the money hire lawyers to defend are the strongest indications of the wide-spread belief that lawyers in criminal courts are necessities, not luxuries. The right of one charged with crime to counsel may not be deemed fundamental and essential to fair trials in some countries, but it is in ours. From the very beginning, our state and national constitutions and laws have laid great emphasis on procedural and substantive safeguards designed to assure fair trials before impartial tribunals in which every defendant stands equal before the law. This *Page 748 
noble ideal cannot be realized if the poor man charged with a crime has to face his accusers without a lawyer to assist him."
372 U.S. at 344 [83 S.Ct. at 796-97, 9 L.Ed.2d at 805].
The United States Supreme Court has, on the other hand, also held that a defendant has a right to self-representation.Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525,45 L.Ed.2d 562 (1975). The Court in Faretta emphasized that, when balancing the right to self-representation against the right to counsel, any waiver of the right to counsel must be done "knowingly and intelligently." Faretta, 422 U.S. at 835,95 S.Ct. at 2541. Whether the burden is on the prosecution to prove that the waiver was made knowingly and intelligently or on the defendant to prove that he did not make a knowing and intelligent waiver depends upon "whether the record shows that [the] defendant has expressly waived his right to counsel. . . . If the record is not clear as to the defendant's waiver and request for self-representation, the burden of proof is upon the State." Tomlin v. State, 601 So.2d 124, 128 (Ala. 1991), citing Carnley v. Cochran, 369 U.S. 506, 516-517 [82 S.Ct. 884,890-891, 8 L.Ed.2d 70] (1962).
In this case, the burden is on the state to show that the appellant's waiver was knowing and intelligent because the record does not clearly show that the defendant waived his right to counsel. The only assertion made by the appellant that could possibly be construed as a clear and unequivocal waiver is when he stated, "Give me a trial. I'll just take a trial. I'm going to try it." However, this statement was in response to the Court's questioning him about whether he desired to plead guilty. The record shows that the appellant's main purpose in making the statement was to indicate to the Court that he desired to have a trial rather than to plead guilty; it is not clear that he intended to make a voluntary choice to forgo the assistance of an attorney. Furthermore, before giving the appellant a choice of whether to proceed with or without counsel, the trial court told the appellant, "You're going to represent yourself." Although the trial court later told the appellant that he could either proceed himself or retain his previously appointed counsel and although it gave him "some time to think about it," the record does not reflect when or even if the appellant ever made such a choice, other than by default.
The State correctly argues that the appellant was not entitled to have the counsel of his choice appointed.Connolly v. State, 500 So.2d 57 (Ala.Cr.App. 1985), aff'd,500 So.2d 68 (Ala. 1986). However, the Alabama Rules of Criminal Procedure specifically provide for the situation where an indigent defendant refuses appointed counsel in order to seek the services of private counsel. Rule 6.1(b), Ala.R.Crim.P., states that when such an indigent defendant appears before the trial court without counsel after having been given a reasonable time in which to obtain counsel, the trial court shall appoint counsel unless the right to counsel is waived by the defendant.
One factor that might distinguish this case from the situation anticipated by Rule 6.1(b), Ala.R.Crim.P., is the fact that the appellant did not originally refuse appointed counsel but rather terminated his services the morning of trial. Both the trial court and the State on appeal have citedHarding v. Davis, 878 F.2d 1341, 1344 (11th Cir. 1989), as justification for proceeding swiftly to trial without giving the appellant the opportunity to obtain new counsel. The Eleventh Circuit Court of Appeals stated in a footnote inHarding that "[a]n unreasonable demand for dismissal of counsel and appointment of new counsel may be the functional equivalent of a knowing and voluntary waiver of counsel." Id., fn. 3. Clearly, a defendant should not be entitled to the appointment of new counsel merely because he has not cooperated with appointed counsel, nor should a defendant be allowed to wait until the last minute before trial to request a change in attorneys merely for the purpose of delaying the proceedings. However, the same footnote in Harding emphasizes that even when a court suspects that a defendant may be using his right to counsel as a delay tactic, certain assurances still must be made before the trial court rushes into trial with a pro se defendant. The Eleventh Circuit ruled that no such implied waiver of counsel could be found in Harding *Page 749 
because "the trial court made no effort to warn Harding of the consequences of his action." Id.
In this case the record likewise does not reflect that any effort was made to warn the appellant about the consequences of proceeding without counsel. The State argues that theBoykin colloquy before the appellant chose to proceed to trial rather than plead guilty was sufficient to warn him about such consequences. However, the entire purpose of that exchange was to properly inform the appellant regarding whether to proceed to trial or to plead guilty, not to inform him about whether to proceed to trial with an attorney or to proceed pro se.
Although it is preferable to have one, no specific waiver hearing or colloquy is required. Fitzpatrick v. Wainwright,800 F.2d 1057 (11th Cir. 1986). According to Faretta, the court should advise the defendant regarding the "dangers and disadvantages" of proceeding without the assistance of counsel in order for the record to show that the defendant has decided to proceed without counsel "with eyes open." Faretta,422 U.S. at 835 [95 S.Ct. at 2541]. According to the Supreme Court of Alabama, the entire circumstances, including the background and conduct of the defendant, must be considered. CitingFitzpatrick, the Court listed six factors to be considered when determining whether a waiver of the right to counsel was made knowingly and intelligently:
 " '(1) whether the colloquy between the court and the defendant consisted merely of pro forma answers to pro forma questions, United States v. Gillings, 568 F.2d 1307, 1309 (9th Cir.), cert. denied, 436 U.S. 919, 98 S.Ct. 2267, 56 L.Ed.2d 760
(1978); (2) whether the defendant understood that he would be required to comply with the rules of procedure at trial, Faretta [v California, 422 U.S.] at 835-36, 95 S.Ct. at 2541-42; Maynard v. Meachum, 545 F.2d 273, 279 (1st Cir. 1976); (3) whether the defendant had had previous involvement in criminal trials, United States v. Hafen, 726 F.2d 21, 25 (1st Cir.), cert. denied, 466 U.S. 962, 104 S.Ct. 2179, 80 L.Ed.2d 561 (1984); (4) whether the defendant had knowledge of possible defenses that he might raise, Maynard, supra; (5) whether the defendant was represented by counsel before trial, Hafen, supra; and (6) whether "stand-by counsel" was appointed to assist the defendant with his pro se defense, see Faretta, supra, at 834 n. 46, 95 S.Ct. at 2540-41 n. 46; Hance v. Zant, 696 F.2d 940, 950 n. 6 (11th Cir.), cert. denied, 463 U.S. 1210, 103 S.Ct. 3544, 77 L.Ed.2d 1393 (1983), overruled on other grounds, Brooks v. Kemp, 762 F.2d 1383 (11th Cir. 1985).' "
Tomlin v. State, 601 So.2d 124, 129 (Ala. 1991).
In the present case, the appellant appeared hesitant in choosing to represent himself; the trial court's concern was to move toward trial. The record does not reflect that any measures were taken to ensure that the appellant knew the consequences of proceeding pro se. The Boykin colloquy between the appellant and the trial court is not even material as to the first factor enunciated in Tomlin v. State, supra, because it was not intended to ensure that a defendant's choice of proceeding pro se was knowing and intelligent.
Factors 2 through 4 listed above address the appellant's familiarity and experience with court proceedings. The State has argued that the appellant's experience before the very same trial court gave the trial judge notice that he understood the proceedings and that he could represent himself. However, the record is silent regarding the type of proceeding that the appellant experienced. The trial transcript reflects that the appellant was quite unfamiliar with such essential tactics as cross-examination. Although the appellant had several issues as to which he wished to cross-examine the state's main witness, he first attempted to cross-examine the witness by trying to inject a question in the middle of the direct examination. When his turn finally came to cross-examine, he was unable to formulate a question despite many efforts.
The last two factors concern the extent appellant was assisted by counsel throughout the proceedings. Although counsel was appointed for the appellant before trial, he has stated that his appointed counsel did not even meet with him before the morning of *Page 750 
trial and did not review any possible defenses or other issues before trial. The appointed counsel stated that he did have telephone conversations with the appellant before the day of trial. However, whether the appointed counsel served as stand-by counsel in this case is questionable. Although the trial judge asked him to help with the striking of the jury, there is no indication from the record that he was present during any subsequent stage in the trial proceedings.
The circumstances of this case support the conclusion that the appellant did not knowingly and intelligently waive his right to counsel. The fact that the appellant had previously been appointed counsel does not alone satisfy the requirements of Gideon. Harding indicates that, even when an indigent defendant terminates the services of his court-appointed attorney the minute before trial, the trial judge must ensure that the defendant truly desires to represent himself or herself and understands the consequences of such a decision. The right to the assistance of counsel is so fundamental that the trial court must ensure that the defendant who wishes to proceed pro se knows what he or she is doing and is proceeding pro se voluntarily.
 II.
Although the appellant is entitled to a new trial on the issue of his right to be represented by counsel, in the interest of judicial economy, we will also address the appellant's sentencing claim. The appellant argues that the trial court's April 22 resentencing was illegal and is therefore void because, he says, it was harsher than his valid, original sentence and it was made without notice or hearing. This Court has the authority to address the question of the validity of the resentencing even though the trial court has not been given the opportunity to correct the alleged error. " 'The issue of an illegal or improper sentence may be raised in a petition for post-conviction relief even where no objection was raised at sentencing. Ex parte Brannon, 547 So.2d 68
(Ala. 1989).' " Salter v. State, 606 So.2d 209, 212
(Ala.Cr.App. 1992) (quoting Stokes v. State, 555 So.2d 254, 256
(Ala.Cr.App. 1989)). Hunt v. State, 659 So.2d 998
(Ala.Cr.App. 1994) ("Matters concerning unauthorized sentences are jurisdictional and, therefore, can be reviewed even if they have not been preserved.")
 "Therefore, if the petitioner is not barred from raising an issue regarding improper sentencing for the first time in a post-conviction petition, we can find no reason that he should not be allowed to raise the issue for the first time on appeal, even though it was not raised in the trial court. If the trial court imposed the sentence on [the defendant] without jurisdiction . . ., then [the defendant's] ground for appeal was not procedurally barred by his failure to object at his sentencing hearing."
Ex parte McKelvey, 630 So.2d 56, 57 (Ala. 1992). In Bartone v.United States, 375 U.S. 52, 53 [84 S.Ct. 21, 22, 11 L.Ed.2d 11,12-13] (1963), the United States Supreme Court held that the enlarging of a previously imposed sentence, even if by only one day, was such plain error that it should be dealt with on appeal even though it had not been brought to the trial court's attention.
On March 28, 1997, the appellant was sentenced to five years on each count, with one five-year enhancement on each count, pursuant to § 13A-12-250, Code of Alabama 1975, because the sale occurred within three miles of a school and another five-year enhancement, pursuant to § 13A-12-270, Code ofAlabama 1975, because the sale occurred within three miles of a housing project. Each sentence totalled 15 years and was to run concurrently with the other sentences. On March 31, 1997, the State filed a motion to reconsider, alleging that the trial judge did not have the authority to sentence the appellant to concurrent terms when the enhancement provisions of §§13A-12-250 and -270 were applied. The trial judge resentenced the appellant to a base sentence of two years on each count with the same enhancements as in the original sentence. Although each count totalled only 12 years, the trial judge now ordered that these sentences run consecutively instead of concurrently, resulting in a harsher overall sentence.
According to this Court in Sorrells v. State, 667 So.2d 142,143 (Ala.Cr.App. 1994), a *Page 751 
trial court has "not only the power, but the duty" to set aside a void sentence and resentence as mandated by the statute. The State has argued that the trial judge was merely correcting a void sentence when he resentenced the appellant in this case. In its motion to reconsider, the State cited Nye v. State,639 So.2d 1387 (Ala.Cr.App. 1994), to argue that the trial judge's original sentence was void because it was not allowed under the enhancement statutes found in §§ 13A-12-250, -270, Code ofAlabama 1975. This Court in Nye held that the enhancement statutes required that the five-year enhancements in individual counts must be served consecutively rather than concurrently. Therefore, if a defendant is convicted of one count of selling drugs both within three miles of a school and within three miles of a housing project, he must serve 10 years in addition to his base sentence. Under this circumstance, the trial judge has no jurisdiction to allow one five-year enhancement sentence to run concurrently with the other.
In Fletcher v. State, 675 So.2d 55 (Ala.Cr.App. 1995), this Court held that not only do the enhancement statutes require that the five-year enhancements in any given count run consecutively, but also requires that if a defendant is charged in more than one count, the enhancements must run consecutively between different counts. Therefore, a defendant charged with two counts of selling drugs within three miles of both a school and a housing project must serve 20 years in addition to his base sentences. Not only must the two enhancements in one count run consecutively, but those enhancements must run consecutively with any enhanced sentences imposed in the other count. Therefore, the appellant's original sentence was void because, although the enhancements within each single count were to run consecutively, each count was to run concurrently with the other counts. Since the appellant's original sentence was void, the trial judge was not only permitted, but even required to resentence him according to the statute. Therefore, the trial judge's resentencing was consistent with Fletcher and was not error.
 III.
The appellant contends that he received ineffective assistance of counsel both from his trial counsel and from counsel appointed for sentencing. The appellant's argument that his counsel at sentencing was ineffective was not raised before the trial court below and therefore was not preserved for appeal. Claims of ineffective assistance of counsel must first be presented before the trial court in a motion for a new trial before an appellate court can consider them. Ex parte Ingram,675 So.2d 863, 865 (Ala. 1996).
The allegations concerning the ineffective assistance of counsel that were raised before the trial court and are preserved for review include trial counsel's failure to talk to the appellant before the day of trial, trial counsel's failure to file any pre-trial motions, and "a severe conflict of personality" resulting from trial counsel's negligence. According to the United States Supreme Court in Strickland v.Washington, 466 U.S. 668, 687 [104 S.Ct. 2052, 2064,80 L.Ed.2d 674] (1984), there is a two-part test for ascertaining whether the assistance of counsel was ineffective:
 "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."
In determining whether assistance of counsel was ineffective, the burden is clearly on the appellant. According toStrickland, a reviewing court should entertain a "strong presumption" that counsel's performance was not deficient.466 U.S. at 689, 104 S.Ct. at 2065. In order to establish the first requirement, the deficiency of counsel's performance, "the defendant . . . must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." 466 U.S. at 690, 104 S.Ct. at 2066. The appellant alleges that "from the day of appointment to the day of trial, [his] counsel never talked *Page 752 
with [him] about the case, possible defenses or any other issue related to the case. [His] trial counsel failed to file any pre-trial motions which would assist him in preparation for trial such as the standard motions for production and disclosure, suppression, discovery." This allegation is contradicted in the record by Mr. Mansell's testimony during the hearing on that motion for new trial in which he testified that he did have telephone conversations and letter correspondence with the appellant before trial. Although Mr. Mansell did not specify the substance of these communications, it could certainly be inferred from his testimony that, contrary to appellant's allegations, he was communicating with the appellant about "issues related to the case." Furthermore, Mr. Mansell testified that he did discuss the State's plea offer with the appellant. Considering Mr. Mansell's testimony, the appellant's mere allegations in his motion for a new trial are not enough to overcome his burden to show that counsel's performance was deficient. Furthermore, the appellant fails to allege specifically which motions should have been filed and the consequences of failing to file such motions. Therefore, even if the failure to file pretrial motions was deficient, the appellant has failed to establish that he was prejudiced by such failure. The appellant's allegation of a "severe conflict of personality" "due to the negligence of [his] counsel" does not satisfy his burden to specifically identify acts or omissions alleged to be deficient. Therefore, the appellant has failed to establish that his trial counsel was ineffective.
The judgment is due to be, and is hereby, reversed and the case remanded for a new trial.
REVERSED AND REMANDED.
All judges concur.