The appellant, Aaron Renard Merchant, was convicted of two counts of the unlawful sale of cocaine to Sandra Baker and to Kelly Bailey, in violation of § 13A-12-211, Ala. Code 1975. He was sentenced to 20 years in prison on each charge, plus an additional 5 year enhancement in each case because the sales occurred within three miles of a school. See § 13A-12-250, Ala. Code 1975. The trial court ordered that the sentences run concurrently. This appeal follows.
 I.
The appellant first argues that the trial court was biased against him. However, because he raises this issue for the first time on appeal, it is not properly before us. "`[T]o preserve an issue for appellate review, it must be presented to the trial court by a timely and specific motion setting out the specific grounds in support thereof . . . An issue raised for the first time on appeal is not correctly before this court.' Buice v.State, 574 So.2d 55, 57 (Ala.Cr.App. 1990)." McKinney v. State,654 So.2d 95, 99 (Ala.Cr.App. 1995). "Even constitutional issues must first be correctly raised in the trial court before they will be considered on appeal." Adams v. City of Pelham,651 So.2d 55, 56 (Ala.Cr.App. 1994). Therefore, this issue is not properly before this court.
 II.
The appellant next argues that the State did not prove he made two separate sales of cocaine. The State's evidence established the following: On May 7, 1996, undercover Officer Kelly Bailey of the Tallassee Police Department and confidential informant Sandra Baker went to the appellant's *Page 67 
house to purchase crack cocaine. The appellant recognized Baker and he let her enter his house. However, because he did not know Bailey, he made her stay outside while he talked to Baker. Baker told the appellant that she "wanted a 20." The appellant took her money, went into another room, and returned with something wrapped in a piece of aluminum foil, which he gave her. After the first sale took place, the appellant asked Baker who Bailey was, and Baker said that Bailey was a friend of hers. Bailey was still standing outside when this discussion occurred. Baker then opened the door and allowed Bailey to enter the house. Baker took $20 from Bailey and gave it to the appellant. The appellant then shut the door and handed Bailey something wrapped in a piece of aluminum foil.
This evidence was sufficient to establish beyond a reasonable doubt that the appellant made two separate sales of cocaine — one to Sandra Baker and one to Officer Bailey. See Walker v. State,594 So.2d 722 (Ala.Cr.App. 1991). From this evidence, it is clear that the sale to Bailey did not commence until after the sale to Baker had been completed. Therefore, the appellant's argument is without merit.
 III.
The appellant argues that the State did not prove a prima facie case of the unlawful sale of cocaine. Specifically, he argues that there was conflicting evidence as to the amount of crack cocaine purchased from him and the amount submitted to the Department of Forensic Sciences. The State presented evidence that the appellant sold one rock of crack cocaine to Baker and one rock of crack cocaine to Bailey. They gave both rocks to Investigator Archie Schnuelle, noting which one had been sold to Baker and which one had been sold to Bailey. Schnuelle placed both rocks, which were wrapped in aluminum foil, in a petri dish, and he placed the petri dish in a sealed evidence envelope. Ultimately, the envelope containing the rocks of crack cocaine was delivered to the Department of Forensic Sciences. The Department of Forensic Sciences' report showed that the department received two rocks of crack cocaine, wrapped in aluminum foil, in a petri dish. At trial, Schnuelle identified the two rocks of crack cocaine as those the appellant had sold Baker and Bailey. Although an Alcoholic Beverage Control Board report, prepared by Agent Scott Donovan, contained conflicting evidence as to the amount of crack cocaine purchased, resolving conflicts in the testimony is not the province of this court.Williams v. State, 415 So.2d 1171 (Ala.Cr.App. 1982); May v.State, 335 So.2d 242 (Ala.Cr.App. 1976). Conflicts in testimony and credibility choices present questions for the finder of fact.Smith v. State, 677 So.2d 1240 (Ala.Cr.App. 1995); Harrelson v.State, 651 So.2d 1151 (Ala.Cr.App. 1994). Therefore, the appellant's argument is without merit.
 IV.
The appellant argues that the trial court improperly enhanced his sentence because the State allegedly did not establish that either sale occurred within three miles of a school, so as to violate § 13A-12-250, Ala. Code 1975. Richard Penpalski testified that he was a certified general land and timber appraiser and that he was familiar with using USGS "quad-sheet" maps for mapping distances. Penpalski's testimony concerning the two quad sheets and the overlays admitted into evidence by the State indicated that the appellant's residence was located within three miles of three different schools. Although the street where the appellant's house was located was not shown on either the quad sheets or the overlays, it was shown on a "911" map used at the sentencing hearing.
 "The appellant contends that the state did not prove that the drug sale occurred within three miles of a school campus, as required for application of § 13A-12-250, Ala. Code 1975. The state need prove only that the sale occurred within three miles of a school campus `"by a preponderance of the evidence."' Lane [v. State], supra, 644 So.2d [1318] at 1322 [(Ala.Cr.App. 1994)] (quoting Powell v. State, 600 So.2d 1085, 1087 (Ala.Cr.App. 1992)). The state introduced an official county map and the supporting testimony of the official mapper for the county tax assessor's office that the drug sale occurred within three miles of *Page 68 
[an elementary school]. The appellant offered no contradictory evidence. See Pettway v. State, 624 So.2d 696 (Ala.Cr.App.), cert. denied, 624 So.2d 700 (Ala. 1993) (the state met its burden of proof under § 13A-12-270, Ala. Code 1975, by introducing a map and supporting testimony that the drug sale occurred within three miles of public housing project). Cf. Ex parte Johnson, 597 So.2d 1305 (Ala. 1991) (state did not meet its burden of proof under predecessor to § 13A-12-250 because only evidence produced to show distance of school campus from drug sale was unverified map of city that did not indicate scale and state produced no witnesses to support authenticity or accuracy of map). The state met its burden of proof here, and the appellant's sentence was properly enhanced pursuant to § 13A-12-250."
Bates v. State, 669 So.2d 232, 236 (Ala.Cr.App. 1995). The trial court properly found that the quad-sheet maps and the two overlays, together with Penpalski's testimony, established by a preponderance of the evidence that the sales took place within three miles of a school. Therefore, the appellant's argument is without merit.
The appellant also argues that the trial court improperly took judicial notice that his residence was located within three miles of a school. However, the State proved the necessary facts before the trial court attempted to take judicial notice of them. The maps offered into evidence by the State, together with Penpalski's testimony, established by a preponderance of the evidence that the appellant's house was located within three miles of a school campus. Bates, 669 So.2d at 236. Thus, the trial court's erroneous attempt to take judicial notice of these facts was harmless. Rule 45, Ala. R. App. P.
 V.
The appellant argues that the trial court improperly denied him an allocution before it sentenced him. The record indicates that the trial court pronounced sentence on the appellant and then realized that it had not given him the right to make an allocution. The court then asked the appellant if he had anything to say before the court pronounced sentence on him, and the appellant responded, "No, sir." (R. 267-68). Although the appellant may not have initially been given the opportunity for an allocution before the trial court imposed sentence on him, the trial court realized its error and gave the appellant the chance to address the court. Therefore, error, if any, in denying the appellant an allocution before sentence was first passed upon him was eliminated by the trial court's subsequent action.
 VI.
The appellant was sentenced to serve 20 years in prison plus one five-year enhancement, under § 13A-12-250, Ala. Code 1975, on each count. Each sentence totalled 25 years, and the trial court ordered that the appellant serve the sentences concurrently. Thus, under the sentence imposed by the trial court, the appellant would actually serve only one five-year sentence enhancement. As we noted in Scott v. State,627 So.2d 1131, 1133 (Ala.Cr.App. 1993), "that action by the court is contrary to the legislature's intent." See also Johnson v. State,716 So.2d 745 (Ala.Cr.App. 1997); Fletcher v. State, 675 So.2d 55
(Ala.Cr.App. 1995), cert. denied, 675 So.2d 58 (Ala. 1996).
 "Although there was no objection raised at sentencing, it is incumbent upon this court to conform the appellant's sentence to the statutory requirements. `The legislative intent is that the five-year penalties shall not run concurrently with each other or any other sentence imposed. The enhancement terms provided for by these statutes must be "added to" any other penalty pronounced by the court.' Scott v. State, 627 So.2d 1131, 1133
(Ala.Cr.App. 1993). It is within the trial court's discretion upon remand for resentencing to lower the base portion of the appellant's sentence in light of the [10-year] mandatory sentence imposed upon the appellant, if he feels that justice would best be served by so doing. . . ."
Fletcher, 675 So.2d at 56.
Therefore, we remand this case to the trial court for resentencing consistent with this opinion. The trial court shall take all necessary action to see that the circuit clerk *Page 69 
makes due return to this court at the earliest possible time and within 56 days of release of this opinion.
REMANDED WITH DIRECTIONS.*
All judges concur.
* Note from the reporter of decisions: On August 28, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion.