The appellant, A.H., was adjudicated a youthful offender in the Montgomery Municipal Court based on one charge of third-degree assault and two charges of harassment, violations of § 1-9(a), Code of Ordinances of the City of Montgomery, Alabama, and §§ 13A-6-22 and 13A-11-8(a), Ala. Code 1975.[1]
The municipal court sentenced him to serve terms of one hundred days, with fifty days suspended, based on the third-degree assault charge; one hundred days, with fifty days suspended, based on one charge of harassment; and one hundred days, with ninety days suspended, *Page 81 
based on the other charge of harassment.
The appellant appealed to the Montgomery Circuit Court for a trial de novo, where he was once again adjudicated a youthful offender based on one charge of third-degree assault and two charges of harassment. The circuit court sentenced him to serve concurrent terms of one year based on the third-degree assault charge and three months based on each of the harassment charges. The appellant filed a motion to reconsider his sentences, which the circuit court denied. This appeal followed.
 I.
The appellant argues that the circuit court was biased against him. However, he did not raise this issue before the circuit court. Therefore, it is not properly before this court. SeeMerchant v. State, 724 So.2d 65 (Ala.Crim.App. 1998).
 II.
The appellant also argues that his sentence of one year based on the third-degree assault charge exceeds the maximum allowed by the Code of Ordinances of the City of Montgomery, Alabama. Section 1-9(d), Code of Ordinances of the City of Montgomery, Alabama, provides:
 "Any person committing an offense as provided in this section shall, upon conviction, be punished by a fine of not less than one dollar nor more than five hundred dollars and/or may be imprisoned or sentenced to hard labor for the city for a period not exceeding six months, at the discretion of the court trying the case. Any corporation committing an offense as provided in this section shall, upon conviction, be punished by a fine of not less than one dollar nor more than five hundred dollars, at the discretion of the court trying the case."
In this case, the circuit court sentenced the appellant to serve a term of one year based on the third-degree assault charge. However, because third-degree assault is a Class A misdemeanor, see § 13A-6-22(b), Ala. Code 1975, the maximum sentence allowed by § 1-9(d), Code of Ordinances of the City of Montgomery, Alabama, is six months. Therefore, the sentence of one year based on the third-degree assault charge exceeds the maximum authorized by the Code of Ordinances of the City of Montgomery, Alabama.
For the above-stated reasons, we affirm the circuit court's adjudication of the appellant as a youthful offender based on each charge and his sentences based on the harassment charges. However, we remand this case with instructions that the circuit court set aside the appellant's one year sentence based on the third-degree assault charge, conduct a new sentencing hearing, and sentence the appellant in accordance with § 1-9(d), Code of Ordinances of the City of Montgomery, Alabama. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include the circuit court's new sentencing order and a transcript of the new sentencing hearing.
AFFIRMED IN PART; AND REMANDED WITH INSTRUCTIONS.*
McMILLAN, SHAW, WISE, and WELCH, JJ., concur.
[1] Section 1-9(a), Code of Ordinances of the City of Montgomery, Alabama, incorporates and adopts all offenses declared as misdemeanors by the State of Alabama, including third-degree assault and harassment, as offenses against the City of Montgomery.
* Note from the reporter of decisions: On Court of Criminal Appeals affirmed, without March 21, 2008, on return to remand, the opinion. *Page 82